Presiding Judge: Matthew F. Kennelly
Magistrate Judge: Hearther K. McShain
Filed date 8/5/2022
Lead Case: 22cv4148
gcy

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: RECALLED ABBOTT INFANT FORMULA
PRODUCTS LIABILITY LITIGATION                                    MDL No. 3037

## TRANSFER ORDER

**Before the Panel**[*]: Plaintiff in the Central District of California *Andaluz* action moves under 28 U.S.C. § 1407 to centralize this litigation involving the alleged bacterial contamination of infant formulas manufactured by Abbott Nutrition in the Southern District of Florida or, alternatively, the Eastern District of Michigan or the Northern District of Illinois. Plaintiffs' motion includes eighteen actions pending in seven districts, as listed on Schedule A, as well as twelve potentially-related actions.[1] Plaintiffs in eight total actions and potential tag-along actions support centralization and propose transfer to one or more of the following districts: the Eastern District of Michigan, the Northern District of Illinois, and the Southern District of Florida. Defendants Abbott Laboratories, Abbott Laboratories dba Abbott Nutrition, and Abbott Laboratories, Inc. (collectively, Abbott) support centralization in the Northern District of Illinois.

After considering the argument of counsel, we find that centralization of these actions in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions can be expected to share factual questions arising from alleged contamination of certain powdered infant formulas manufactured at Abbott's manufacturing facility in Sturgis, Michigan. To date, Abbott has recalled four formulas – Similac, Similac 60/40, Elecare, and Alimentum. Sixteen of the eighteen actions are putative class actions (some for economic injuries and others that seek certification of classes of infants injured by consuming tainted formula). The remaining two actions are brought for personal injuries and death arising from the use of formulas manufactured at the Sturgis facility. No party opposes including personal injury actions in the same MDL as the class actions. We agree with this approach. Including personal injury actions alongside economic loss cases makes sense because both types of actions typically contain a common factual core.[2] Centralization offers

---

[*] Judge Roger T. Benitez did not participate in the decision of this matter. Judge Matthew F. Kennelly took no part in the decision to centralize this litigation in the Northern District of Illinois.

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] *See, e.g., In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*, 363 F. Supp. 3d 1378, 1382 (J.P.M.L. 2019) ("The Panel often has recognized the efficiencies of centralizing economic loss class actions with personal injury actions" because liability discovery often overlaps and individual discovery required in personal injury actions often is successfully

- 2 -

substantial opportunity to streamline pretrial proceedings; reduce duplicative discovery and conflicting pretrial obligations; prevent inconsistent pretrial rulings (particularly on such issues as common *Daubert* challenges and class certification motions); and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Illinois, where Abbott is headquartered, is the appropriate transferee district for these cases. The Northern District of Illinois offers a convenient and readily accessible district. By selecting Judge Matthew F. Kennelly, who presides over a potential tag-along action in this district, we are selecting a skilled jurist who is well-versed in the nuances of complex, multidistrict litigation. We are confident that Judge Kennelly will steer this controversy on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Matthew F. Kennelly for coordinated or consolidated proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton  Matthew F. Kennelly
David C. Norton  Dale A. Kimball
Madeline Cox Arleo

coordinated within MDLs involving both kinds of actions).

IN RE: RECALLED ABBOTT INFANT FORMULA
PRODUCTS LIABILITY LITIGATION        MDL No. 3037

## SCHEDULE A

<u>Central District of California</u>
22cv4157   ANDALUZ v. ABBOTT LABRATORIES, INC., ET AL., C.A. No. 2:22−02001

<u>Southern District of Florida</u>
22cv4158   SUAREZ v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−20506
22cv4159   EPHRAIM, ET AL. v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−20516

<u>Northern District of Illinois</u>
WHITMORE, ET AL. v. ABBOTT LABORATORIES, C.A. No. 1:22−01012
RAYMOND, ET AL. v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−01014
DEFFEBAUGH v. ABBOTT LABORATORIES, C.A. No. 1:22−01079
GARZA v. ABBOTT LABORATORIES, C.A. No. 1:22−01080
MENENDEZ v. ABBOTT LABORATORIES, C.A. No. 1:22−01082
HARKLESS v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−01097
LYONS v. ABBOTT LABORATORIES, C.A. No. 1:22−01125
BAZEMORE v. ABBOTT LABORATORIES, C.A. No. 1:22−01126
MCCORD v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−01182
JOHNSON v. ABBOTT LABORATORIES, C.A. No. 1:22−01239
BOYSEN v. ABBOTT LABORATORIES, C.A. No. 1:22−01259

<u>Eastern District of Michigan</u>
22cv4161   WILLIAM v. ABBOTT LABORATORIES, C.A. No. 5:22−10550

<u>District of South Carolina</u>
22cv4162   STEELE v. ABBOTT LABORATORIES, INC., C.A. No. 2:22−00571

<u>Northern District of Texas</u>
22cv4163   STEPHENS v. ABBOTT LABORATORIES, INC., C.A. No. 3:22−00618

<u>Southern District of Texas</u>
22cv4164   WALKER v. ABBOTT LABORATORIES, INC., C.A. No. 4:22−00858