**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:   RECALLED ABBOTT** | ) | |
| **INFANT FORMULA PRODUCTS** | ) | **Case No. 22 C 4148** |
| **LIABILITY LITIGATION** | ) | **MDL No. 3037** |

**This document relates to all cases**

**MDL CASE MANAGEMENT ORDER NO. 1**

By order dated August 5, 2022, the Judicial Panel on Multidistrict Litigation (JPML) has transferred to this Court the civil actions listed in Attachment A to this Order, under MDL Case No. 3037.   The JPML has subsequently entered conditional transfer orders in other cases, and it is expected that additional cases will be transferred to this Court hereafter.   It appears to the Court that these cases merit special attention as complex litigation.   For these reasons, the Court enters the following order:

1.      **Applicability of order.**   Pending further order by this Court, this order shall govern the practice and procedure in the actions that the JPML has transferred and is transferring to this Court as part of MDL No. 3037.   This Order also applies to all cases filed in the Northern District of Illinois that have been or will be reassigned to the undersigned judge as part of MDL No. 3037.   The Order will also apply to any "tag-along" actions later filed in, removed to, or transferred to this Court.

2.      **Consolidation of actions.**   All actions that have been or are hereafter transferred to the undersigned judge as part of MDL No. 3037, whether originally filed in this district or elsewhere, are consolidated for pretrial purposes.   Any actions later filed in, removed to, or transferred to this Court will be consolidated automatically with this

action, without the need for a motion or entry of an order by the Court.   This consolidation does not constitute a determination that the actions should be consolidated for trial, and it does not have the effect of making anyone or any entity a party to any action in which he, she, or it has not been named as a party.

3.     **Filing.**   The Clerk is maintaining a master case file under the heading "In re Recalled Abbott Infant Formula Liability Litigation," Case Number 22 C 4148.   All filings with the Clerk should be made under that caption and case number.   When a party intends that something it is filing applies to all of the consolidated actions, the party should indicate that by using the words "This Document Relates to All Cases" in or just after the case caption.   When a party intends that something it is filing applies only to some of the consolidated actions, the party making the filing should file it both under Case Number 22 C 4148 and under the individual case number assigned to the particular case.   The party making such a filing should indicate that by using the words "This Document Relates to [*fill in case number*]" in or just after the case caption.

4.     **Service list.**   This order is being served upon the counsel whose appearances are currently listed on the docket of Case Number 22 C 4148 as of the date the order is docketed.   Counsel who receive this order via notice of electronic filing are requested to forward a copy of the order to any other attorneys who have filed appearances in cases that have been or are being transferred to this Court.

5.     **Extension and stay.**

   a.     **Responses to complaints.**   Any defendant that has not yet responded to a complaint in which it is named as a defendant is granted an

2

extension of time for responding to the complaint until a date to be set later by this Court, a topic that the Court will address at the initial conference.

　　**b.　　Discovery.** Pending the initial conference and until further order of this Court, all outstanding discovery is stayed, and no further discovery may be initiated. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

　　**c.　　Pending motions.** All pending motions that predate transfer of any action are hereby terminated and must be refiled in this Court.

**6.　　Initial conference.** The Court sets the MDL proceeding and all transferred cases for an initial status hearing and scheduling conference, to be held on August 30, 2022 at 2:30 p.m. Central time. The hearing will be conducted by video conference using the WebEx platform. Judge Kennelly's courtroom deputy clerk will send a video invitation for the conference on or about August 17, 2022 to all attorneys who, as of the time the invitation is sent, have appearances on file under Case No. 22 C 4148 (those attorneys may forward the invitation to other counsel of record in any individual cases that are or will be part of this MDL who do not yet have appearances on file under Case No. 22 C 4148).

This initial hearing is being conducted by video conference in order to minimize the burden on out-of-town counsel given the short interval between this order and the date of the hearing. It is likely that further hearings in this matter will be held in person to the extent feasible.

　　**a.　　Attendance.** Because the hearing is being conducted by video

3

conference, one attorney for the plaintiffs in each case that is a part of this MDL proceeding, and one attorney for each named defendant, must participate by video in the conference.   Given the number of cases that are part of the MDL, however, it likely will be impracticable to permit attorneys for each and every plaintiff to speak during the hearing.   Plaintiffs with similar interests should attempt to agree, to the extent practicable, on an attorney who will speak on their joint behalf at the initial hearing.   The Court advises that any such designation will have no effect on any later determination by the Court regarding leadership or steering committee status.   In addition, by designating another party's attorney to represent its interests at the initial hearing, a party will not be precluded from other representation during the litigation.   Attendance at and participation in the initial hearing will not waive objections to jurisdiction, venue, or service.

**b.    Other participants.**   Persons and entities who are not named as parties in this litigation but who may later be joined as parties, or who are parties in related litigation pending in other federal and state courts, are invited to attend the initial hearing in person or by counsel.

**7.    Purposes of initial hearing.**   The initial hearing set for August 30, 2022 will be held for the purposes specified in Federal Rules of Civil Procedure 16(a), 16(b), 16(c), and 26(f) and will be subject to the sanctions prescribed in Rule 16(f).   The subjects to be addressed at the initial hearing include, but may not be limited to, the following:

- consideration of whether any complaint or complaints consolidating

4

currently separate cases should or will be filed, and the timing for any such filings;

- consideration of a deadline for responses to the existing complaints or to any consolidated or amended complaints that are likely to be filed;

- entry of orders directing preservation of evidence and a protocol for discovery of electronically stored information (ESI);

- consideration of a process for appointment of, to the extent appropriate, of lead counsel and/or a steering committee for plaintiffs; and

- subject to time limitations, any other topics considered appropriate for discussion by any party.   <u>Any party that wishes to address a topic not on the Court's list must file, by no later than August 26, 2022, a "Request for Inclusion on August 30 Agenda" that describes the topic in reasonable detail.</u>

**8.     Preservation of evidence.**   Pending entry of an order regarding preservation of evidence, all plaintiffs and all defendants shall take reasonable steps to preserve all documents, data, ESI, and tangible things containing information potentially relevant to the subject matter of the litigation.   All counsel are directed to make reasonable efforts to identify and notify parties and nonparties (including employees of corporate or institutional parties) of this directive.

Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth Edition, and are to be prepared to propose procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

5

9.      **Federal Rule of Civil Procedure 7.1.**    All parties subject to the requirements of Federal Rule of Civil Procedure 7.1 are directed to make their disclosures required by that Rule or by a filing that complies with the requirements of Paragraph 3 of this order.

10.     **Orders entered by transferor courts.**   The Court hereby vacates all orders entered by transferor courts imposing deadlines for pleading, pretrial disclosures, or discovery.

11.     **Lead counsel, liaison counsel, and plaintiffs' steering committee.** One of the topics the Court intends to discuss at the August 30 hearing is a process for appointment of, to the extent appropriate, lead counsel and/or a steering committee for plaintiffs, as well as liaison counsel for plaintiffs and defendants.   Any such counsel will have the responsibilities described in the Manual for Complex Litigation, Fourth Edition, § 40.22, subject to modification by the Court.   The primary criteria for any such appointments will be:   (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; (c) professional experience in this type of litigation; (d) access to sufficient resources to advance the litigation in a timely manner; and (e) diversity.   The Court will consider only attorneys who have filed an action that is part of this case.

Counsel should be prepared to discuss at the initial hearing the appropriate structure for plaintiffs' leadership in light of the fact that the MDL includes both individual actions and putative class actions and includes both cases involving claims of personal injury and cases involving claims of consumer fraud/unjust enrichment and similar claims.

The Court emphasizes that it does not intend to select a leadership structure at the August 30 hearing but advises that it intends to do so promptly thereafter—likely by no later than mid-September 2022—in order to avoid undue delay in the litigation.

Date:   August 13, 2022

_____
MATTHEW F. KENNELLY
United States District Judge

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: RECALLED ABBOTT INFANT FORMULA**
**PRODUCTS LIABILITY LITIGATION**                    MDL No. 3037

## TRANSFER ORDER

**Before the Panel**[*]:  Plaintiff in the Central District of California *Andaluz* action moves under 28 U.S.C. § 1407 to centralize this litigation involving the alleged bacterial contamination of infant formulas manufactured by Abbott Nutrition in the Southern District of Florida or, alternatively, the Eastern District of Michigan or the Northern District of Illinois.  Plaintiffs' motion includes eighteen actions pending in seven districts, as listed on Schedule A, as well as twelve potentially-related actions.[1]  Plaintiffs in eight total actions and potential tag-along actions support centralization and propose transfer to one or more of the following districts: the Eastern District of Michigan, the Northern District of Illinois, and the Southern District of Florida. Defendants Abbott Laboratories, Abbott Laboratories dba Abbott Nutrition, and Abbott Laboratories, Inc. (collectively, Abbott) support centralization in the Northern District of Illinois.

After considering the argument of counsel, we find that centralization of these actions in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All actions can be expected to share factual questions arising from alleged contamination of certain powdered infant formulas manufactured at Abbott's manufacturing facility in Sturgis, Michigan.  To date, Abbott has recalled four formulas – Similac, Similac 60/40, Elecare, and Alimentum.  Sixteen of the eighteen actions are putative class actions (some for economic injuries and others that seek certification of classes of infants injured by consuming tainted formula).  The remaining two actions are brought for personal injuries and death arising from the use of formulas manufactured at the Sturgis facility.  No party opposes including personal injury actions in the same MDL as the class actions.  We agree with this approach.  Including personal injury actions alongside economic loss cases makes sense because both types of actions typically contain a common factual core.[2]  Centralization offers

---

[*] Judge Roger T. Benitez did not participate in the decision of this matter. Judge Matthew F. Kennelly took no part in the decision to centralize this litigation in the Northern District of Illinois.

[1] These actions, and any other related actions, are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] *See, e.g., In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*, 363 F. Supp. 3d 1378, 1382 (J.P.M.L. 2019) ("The Panel often has recognized the efficiencies of centralizing economic loss class actions with personal injury actions" because liability discovery often overlaps and individual discovery required in personal injury actions often is successfully

ATTACHMENT A

- 2 -

substantial opportunity to streamline pretrial proceedings; reduce duplicative discovery and conflicting pretrial obligations; prevent inconsistent pretrial rulings (particularly on such issues as common *Daubert* challenges and class certification motions); and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Illinois, where Abbott is headquartered, is the appropriate transferee district for these cases. The Northern District of Illinois offers a convenient and readily accessible district. By selecting Judge Matthew F. Kennelly, who presides over a potential tag-along action in this district, we are selecting a skilled jurist who is well-versed in the nuances of complex, multidistrict litigation. We are confident that Judge Kennelly will steer this controversy on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Matthew F. Kennelly for coordinated or consolidated proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____

Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Dale A. Kimball
Madeline Cox Arleo

---

coordinated within MDLs involving both kinds of actions).

**IN RE: RECALLED ABBOTT INFANT FORMULA
PRODUCTS LIABILITY LITIGATION**                    MDL No. 3037

## SCHEDULE A

<u>Central District of California</u>
ANDALUZ v. ABBOTT LABRATORIES, INC., ET AL., C.A. No. 2:22−02001

<u>Southern District of Florida</u>
SUAREZ v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−20506
EPHRAIM, ET AL. v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−20516

<u>Northern District of Illinois</u>
WHITMORE, ET AL. v. ABBOTT LABORATORIES, C.A. No. 1:22−01012
RAYMOND, ET AL. v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−01014
DEFFEBAUGH v. ABBOTT LABORATORIES, C.A. No. 1:22−01079
GARZA v. ABBOTT LABORATORIES, C.A. No. 1:22−01080
MENENDEZ v. ABBOTT LABORATORIES, C.A. No. 1:22−01082
HARKLESS v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−01097
LYONS v. ABBOTT LABORATORIES, C.A. No. 1:22−01125
BAZEMORE v. ABBOTT LABORATORIES, C.A. No. 1:22−01126
MCCORD v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−01182
JOHNSON v. ABBOTT LABORATORIES, C.A. No. 1:22−01239
BOYSEN v. ABBOTT LABORATORIES, C.A. No. 1:22−01259

<u>Eastern District of Michigan</u>
WILLIAM v. ABBOTT LABORATORIES, C.A. No. 5:22−10550

<u>District of South Carolina</u>
STEELE v. ABBOTT LABORATORIES, INC., C.A. No. 2:22−00571

<u>Northern District of Texas</u>
STEPHENS v. ABBOTT LABORATORIES, INC., C.A. No. 3:22−00618

<u>Southern District of Texas</u>
WALKER v. ABBOTT LABORATORIES, INC., C.A. No. 4:22−00858