**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: RECALLED ABBOTT INFANT FORMULA PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates To:** *All Actions* | **MDL NO. 3037**<br><br>**Hon. Matthew F. Kennelly** |

**JOINT MOTION TO APPOINT PLAINTIFFS' CO-LEAD COUNSEL AND
<u>PLAINTIFFS' STEERING COMMITTEE</u>**

I.      **Introduction**

This motion for appointment of Co-Lead Counsel and Plaintiffs' Steering Committee ("PSC") members stems from extensive discussions among the various firms representing a geographically diverse collection of plaintiffs who filed cases against Defendant Abbott Laboratories ("Abbott") alleging physical and economic injuries stemming from Defendant's recalled infant formula products. As soon as the first lawsuits were filed, the group established a collective email list-serve, held multiple meetings – both in person and by video – and attended numerous conference calls all designed to advance the litigation. To the best of the Proposed PSC's knowledge, no firm with a filed case was excluded from participating in these pre-MDL efforts.[1] As a result of this dialogue, the Proposed PSC reached a consensus and endeavored to create a leadership structure that will effectively and efficiently prosecute this litigation that finds itself with national attention in light of the risks and injuries to the infants across the United States.

As the Court noted in Case Management Order No. 1 ("CMO"), and consistent with the Duke Guidelines (Best Practice 3C) and the Manual for Complex Litigation, "[t]he primary criteria for any such appointments will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; (c) professional experience in this type of litigation; (d) access to sufficient resources to advance the litigation in a timely manner; and (e) diversity." The Manual for Complex Litigation, (FOURTH) also encourages early collaboration amongst Counsel stating, "The order [for appointment of Leadership] should also take into account the proposal of counsel and encourage continuing collaboration among counsel and the parties in the cases pending in different courts." See Manual for Complex Litigation, (FOURTH) § 22.6 at

---

[1] As alluded to at the initial CMC, certain firms declined to participate in these pre-MDL meetings. Nonetheless, the Proposed Leadership, in an effort to reach a consensus and efficient litigation team, continues to discuss prospective roles in this case with those Firms.

403 (2004) ("The Manual" or "MLC"). The proposed Plaintiffs' Leadership Structure (the "Slate") is consistent with this direction. Specifically, the Slate brings together attorneys with varied backgrounds from across the Country, who collectively possess extensive relevant litigation experience in both mass torts and class actions. The group of attorneys is diverse across gender, race, experience, and areas of specialty. These attorneys and their law firms have successfully litigated some of the largest and most complex class action cases and mass torts cases including: MDL 2885: *In re 3M Combat Arms Earplug Products Liability Litigation* (N.D. Fla.); MDL 2973: *In re Elmiron (Pentosan Polysulfate Sodium) Products Liability Litigation* (Dist. of N.J.); MDL 3026: *In re: Abbott Laboratories et al., Preterm Infant Nutrition Products Liability Litigation* (N.D. Ill.); MDL 2272: *In re: Zimmer NexGen Knee Implant Products Liability Litigation* (N.D. Ill.); MDL 3015: *In re: Johnson & Johnson Aerosol Sunscreen Mktg., Sales Prac. & Prods. Liab. Litig.* (S.D. Fla.); and MDL 3025: *In re: Procter & Gamble Aerosol Prods. Mktg. & Sales Prac. Litig.*, (S.D. Ohio). Furthermore, the Slate's members have already shown their ability to work cooperatively and their commitment to leading this litigation effectively and efficiently. In short, appointing the Slate is consistent with the direction set forth in the Guidelines and Manual. Accordingly, the Undersigned respectfully request the Court adopt the recommendation and approve the Slate.

**II.      Proposed Structure and Leadership**

The Manual for Complex Litigation anticipates a leadership structure that includes Lead Counsel, a Plaintiff Steering Committee, and often committees of counsel. *See* MCL § 10.221. The Slate proposes attorneys from different firms to act as Co-Lead Counsel, along with a Steering Committee that will advise Co-Lead Counsel and perform work consistent with their expertise and talents, as directed by Co-Lead Counsel. Consistent with the Duke Guidelines, the Slate is small

2

enough to prosecute this case efficiently, but large enough to swiftly litigate the case and to fund the case to reach a successful conclusion. Expedition and efficiency are particularly important here because this case implicates infant health and the national attention focused on the safety concerns at the Abbott Sturgis, Michigan plant and FDA oversight of the events surrounding the recall. *See* Duke Guidelines 29 (Best Practice 2A: "The transferee judge should assess the needs of the litigation in establishing an appropriate leadership structure.").

As evidenced by the attached declarations, the Slate includes attorneys with proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matter and issues critical to this case. The Slate is comprised of attorneys who have a history of working well together (important to a cohesive, effective team) and who are willing to reach out to others to utilize talents where needed. Most importantly, the Slate's attorneys have significant knowledge and expertise in prosecuting claims arising under the product liability and consumer protection laws of each of the fifty (50) states, claims against consumer product manufacturers, and other common law claims across the nation based on their work in other complex class action cases and MDL proceedings. They also have significant experience in developing viable damages models and taking complex cases to trial. Moreover, given their past appointments to some of the largest and most significant mass tort and class action cases, the Slate has the case management and leadership skills to ensure that this MDL is prosecuted in a timely and effective manner.

### III. Qualifications and Experience of the Slate

As set forth in more detail below, the Proposed Slate's various members possess an array of talents and skills required to prosecute these actions. These include years of service in various mass torts MDLs, as well as complex consumer class actions. A cursory review of each member's

3

Declaration establishes that they are all well qualified to serve in the proposed role here. As such, the Undersigned proposed the following Leadership Slate:

    A.    **Co-Lead Counsel**

        1.    Stacy K. Hauer

        2.    E. Samuel Geisler

    B.    **Plaintiffs' Steering Committee**

        1.    Kiley Grombacher (Co-Chair Class Committee)

        2.    Marjorie Levine

        3.    Patrick Luff

        4.    B. Kristian Rasmussen

        5.    Cristina Sabbagh

        6.    Daniel J.T. Sciano

        7.    Jonathan Sedgh

        8.    Jason Thompson (Co-Chair Class Committee)

        9.    Roy Willey

        10.    James Dugan, II

In accordance with the Court's directive, each of the following counsel are counsel of record in cases either transferred or in the process of transfer to the MDL docket. Finally, as the Court identified in CMO No. 1, because the MDL encompasses claims for both personal injury and class actions, the PSC structure includes two members to lead a class action committee in that both of these firms are solely pursuing economic claims.

## IV. <u>Argument</u>

The *Manual* suggests a variety of factors that the transferee Court consider when appointing a leadership team. These factors are similar to the criteria in the Federal Rules of Civil Procedure regarding the appointment of class counsel in class action lawsuits. Rule 23(g)(1) directs the Court to appoint class counsel who will "fairly and adequately represent the interests of the class" after consideration of the following factors:

- the work counsel has done in identifying or investigating potential claims in the action;

- counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

- counsel's knowledge of the applicable law; and,

- the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In this matter, with both class action cases as well as personal injury actions, these factors are equally applicable and satisfied by the proposed Slate.

As explained below, the Slate's attorneys individually and collectively satisfy each of the factors enumerated in Rule 23(g)(1) and the *Manual,* and comprise a group well qualified to lead this case. The success of these attorneys and firms in leading these types of cases is attributable to their experience and qualifications, their ability to manage large-scale litigation such as this, and their willingness to devote the necessary resources to prosecute these types of actions to successful conclusion.

      **A.     The Firms Comprising the Slate Have Performed Substantial Work Identifying and Investigating Claims and Potential Claims.**

In considering a motion for appointment of leadership counsel, a court should consider the work undertaken by that counsel in the case. *See, e.g., Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 289–90 (N.D. Ill. 2014) (St. Eve, J.). Here, the Slate has already invested substantial time and resources in this litigation. Among other things, the Slate has researched and identified the claims at issue; arranged multiple informational and working group meetings; spoken with potential claimants and actual Plaintiffs; worked closely with experts in the early development of theories of liability and causation; spoken with counsel for Defendants for the purpose of trying to identify and resolve preliminary issues raised in this litigation; corresponded and coordinated with other Plaintiffs' counsel; and drafted and discussed appropriate discovery orders that were circulated to all counsel with filed cases. Details of this work are set forth in the August 26, 2022 Status Report. ECF No. 9. In short, the Slate has already been proceeding with significant efforts to advance the interests of the Plaintiffs in this litigation.

      **B.     The Slate Will Commit the Resources Necessary to Coordinate the Efforts and Progress of all Actions in This MDL Proceeding.**

The Slate indisputably has the resources necessary to adequately represent the Plaintiffs in these cases and to foster this important litigation to a successful conclusion. As explained below, each of the firms comprising the Slate possesses significant financial resources, most are substantial in size, and all have pledged legal and support personnel as well as the necessary resources to aggressively and ably litigate these cases. The members of the Slate had already agreed to contribute the funds sufficient to cover the costs of this litigation into a fund for common benefit expenses well before the assignment of these cases to this Court. The Slate will be able to effectively and efficiently prosecute the claims in this action and coordinate all other actions that are part of this MDL proceeding.

  **C.** **The Firms Comprising the Slate Have Substantial Experience in Successfully Litigating These Types of Actions.**

As indicated above, the attorneys and law firms comprising the Slate have substantial, diverse experience in litigating claims similar to those here and possess knowledge of the applicable law. As demonstrated herein, each of the firms comprising the Slate has experience and expertise in handling complex class action litigation and mass tort litigation, as well as, in particular, consumer products and personal injury litigation.

**V.** **Conclusion**

As noted throughout, the Proposed Slate possesses the ability, financial resources and knowledge to effectively litigate these claims. Importantly, with a single exception, the lawyers endorsing this Slate reached a consensus to create the Proposed Slate for the benefit of both the litigation and their respective clients. Given that the collective group represents the overwhelming number of all lawyers involved in this litigation, the Undersigned respectfully request the Court adopt the Proposed Slate.

Dated: September 2, 2022    Respectfully submitted,

             /s/ *Stacy K. Hauer*
             Stacy K. Hauer
             Johnson Becker, PLLC
             444 Cedar Street, Suite 1800
             St. Paul, MN 55101
             Telephone: (612) 436-1800
             shauer@johnsonbecker.com
             PROPOSED CO-LEAD COUNSEL

             /s/ *E. Samuel Geisler*
             E. Samuel "Sam" Geisler
             Aylstock, Witkin, Kreis & Overholtz, PLLC
             17 East Main Street, Second Floor
             Pensacola, Florida 32502
             Office: (850) 202-1010
             sgeisler@awkolaw.com
             PROPOSED CO-LEAD COUNSEL

/s/ Kiley Grombacher
Kiley Grombacher
Bradley/Grombacher LLP
31365 Oak Crest Dr., Suite 240
Westlake Village, CA 91361
Tel: 805.270.7100
kgrombacher@bradleygrombacher.com
PROPOSED PLAINTIFF STEERING COMMITTEE

 /s/ Marjorie Levine
Marjorie Levine (Fl. Bar #96413)
Romano Law Group
P.O. Box 21349
West Palm Beach, Fl. 33416-1349
Tel: 561-533-6700
marjorie@romanolawgroup.com
PROPOSED PLAINTIFF STEERING COMMITTEE

/s/ Patrick Luff
Patrick Luff, Esq.
Luff Law Firm, PLLC
10440 N. Central Expressway, Suite 950
Dallas, TX 75231
(469) 607-5822
Email: luff@lufflaw.com
PROPOSED PLAINTIFF STEERING COMMITTEE

/s/ B. Kristian Rasmussen
Kristian Rasmussen
Milberg Coleman Bryson Phillips & Grossman
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone: (786) 206-8306
Email: krasmussen@milberg.com
PROPOSED PLAINTIFF STEERING COMMITTEE

/s/  Cristina Sabbagh
Cristina Sabbagh
Schlesinger Law Office, P.A.
1212 SE Third Avenue
Ft. Lauderdale, FL 33316
954-467-8800
Email: CSabbagh@schlesingerlaw.com
PROPOSED PLAINTIFF STEERING COMMITTEE

8

/s/ Daniel J. T. Sciano
Daniel J. T. Sciano (TX #17881200)
Tinsman & Sciano, Inc.
10107 McAllister Freeway
San Antonio, TX 78216
Telephone: (210) 225-3121
Email: dsciano@tsslawyers.com
PROPOSED PLAINTIFF STEERING COMMITTEE

/s/ Jonathan M. Sedgh
Jonathan M. Sedgh
Morgan & Morgan
350 Fifth Avenue, Suite 6705
New York, NY 10118
Phone: (212) 738-6839
Email: jsedgh@forthepeople.com
PROPOSED PLAINTIFF STEERING COMMITTEE

/s/ Jason Thompson
Jason J. Thompson (MI Bar No. P47184)
Sommers Schwartz, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Tel.: (248) 355-0300
Email: jthompson@sommerspc.com
PROPOSED PLAINTIFF STEERING COMMITTEE

/s/ Roy T. Willey IV
Roy T. Willey, IV
Poulin | Willey | Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
Tel.: (843) 614-8888
Email: roy@akimlawfirm.com
PROPOSED PLAINTIFF STEERING COMMITTEE

/s/ James Dugan, II
James Dugan, II
The Dugan Law Firm, APLC
One Canal Place – Suite 1000
364 Canal Street
New Orleans, LA 70130
Tel.: (504) 648-0180
Email: jdugan@dugan-lawfirm.com

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September, 2022, the foregoing document and exhibits thereto were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Stacy K. Hauer*
Stacy K. Hauer
*Attorney for Plaintiff*
