IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: RECALLED ABBOTT INFANT FORMULA PRODUCTS LIABILITY LITIGATION | MDL 3037<br><br>Case No. 22 C 4148 |
| This Document Relates to:<br><br>ALL ACTIONS | CASE MANAGEMENT ORDER NO. 2 – Plaintiffs' Leadership Structure<br><br>Judge Matthew Kennelly |

This matter having been before the Court for an initial case management conference on August 30, 2022, the Court having entered Case Management Order ("CMO") #1 regarding the appointment of a plaintiff leadership committee, counsel having submitted a motion with consensus recommendations to the Court on September 2, 2021 (ECF No. 16), the Court having reviewed the submission and attached submissions by counsel, no objections having been filed, upon finding that the consensus recommendations present an array of highly skilled counsel with diverse backgrounds and experience which will provide the Court with an effective committee to advance this litigation in an efficient and just manner and will advance the Court's and the JPML's goal of introducing new and different counsel to this specialty area of practice, and for good cause shown, the Court hereby appoints the following:

    A.    **Co-Lead Counsel**

        1.    Stacy K. Hauer

        2.    E. Samuel Geisler

1

B. **Plaintiffs' Steering Committee**

1. Kiley Grombacher (Co-Chair Class Committee)
2. Marjorie Levine
3. Patrick Luff
4. B. Kristian Rasmussen
5. Cristina Sabbagh
6. Daniel J.T. Sciano
7. Jonathan Sedgh
8. Jason Thompson (Co-Chair Class Committee)
9. Roy Willey
10. James Dugan, II

Further, the appointment to the PSC is of a personal nature. Accordingly, the above appointees cannot be substituted by other attorneys, including members of the appointees' law firm, to perform the PSC's exclusive functions, such as committee meetings and court appearances, except with prior Court approval.

C. **Duties of Co-Lead Counsel**

1. It shall be Co-Lead Counsel's duty to coordinate the responsibilities of the PSC, in accordance with the responsibilities identified by the Court in CMO #1 as well as other responsibilities that may exist, schedule PSC meetings, keep minutes of these meetings, appear at periodic court noticed status conferences, and to perform other necessary substantive, administrative or logistic functions to ensure the functions of the PSC are conducted in an efficient and professional manner. Co-Lead counsel duties include conducting the litigation and coordinating the efforts of the PSC in conducting the litigation,

including, but not limited to, the following:

    a. Discovery

        i.      Initiate, coordinate, and conduct all pretrial discovery on behalf of all Plaintiffs who file actions in this Court or that are transferred to this Court pursuant to 28 U.S.C. § 1407 related to Defendant's recalled formula products.

        ii.     Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs.

        iii.    Initiate, coordinate, and cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witness and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.

        iv.    Conduct all discovery in a coordinated, efficient, and consolidated manner on behalf and for the benefit of all Plaintiffs.

    b.     Conduct Motion Practice, Hearings and Meetings

        i.      Submit any motions presented to the Court on behalf of all Plaintiffs as well as oppose when necessary any motions submitted by the Defendant or third parties.

        ii.     Call meetings of counsel for Plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court.

        iii.    Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

        iv.    Examine or designate other counsel to examine witnesses and introduce evidence at hearings on behalf of Plaintiffs.

    c.     Contact with Defense Counsel

        i.       Initiate, coordinate and conduct the requisite meet and confers with Defendant, confer with Defendant regarding procedural matters, and negotiate and enter into stipulations with Defendant regarding this litigation.

        ii.      Explore or designate other counsel to explore, develop, and pursue settlement options with Defendant on behalf of Plaintiffs.

d.      Oversight of the PSC

        i.       Call meetings of counsel for Plaintiffs for any appropriate purpose.

        ii.      Monitor the activities of the PSC and other co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided.

e.      Administrative Duties

        i.       To serve as the recipient for all Court Orders;

        ii.      To coordinate services and filings;

        iii.     To maintain and distribute to co-counsel and to Defendant's Counsel an up-to- date service list;

        iv.     To make themselves available for any telephone conferences convened by the Court and to communicate the substance of any such conference to all other Plaintiffs' counsel;

        v.       To receive and distribute pleadings, Orders, and motions;

        vi.     To maintain and make available to all Plaintiffs' counsel of record at reasonable hours a complete file of all documents served by or upon each party (except such documents as may be available at a document depository);

      vii.    To make themselves available for any telephone conferences convened by the Court and to communicate the substance of any such telephone conference to all other Plaintiffs' counsel; and

      viii.    To carry out such other duties as the Court may Order.

All communications from Plaintiffs with the Court should be through Co-Lead Counsel. If circumstances require direct correspondence with the Court by an individual counsel, copies of any said communications shall simultaneously be served upon Plaintiffs' Co-Lead Counsel. Nothing herein shall be construed to preclude the Lead Counsel together with the PSC from agreeing to permit attorneys not appointed to the PSC from assisting with the conduct of this litigation. Under no circumstances are Co-Lead counsel, or any member of the PSC responsible for the filings, discovery, or any other issue or matter related to an individual plaintiff's case or claim. More specifically, the PSC is in no way responsible for the attorney-client relationship and the duties and responsibilities each individual attorney or law firm owe to their clients in prosecution of their individual case.

**IT IS SO ORDERED.**

Dated: September 8, 2022

 

_____
HON. MATTHEW KENNELLY
UNITED STATES DISTRICT JUDGE