**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: RECALLED ABBOTT INFANT** | ) | **Case No. 22 C 4148** |
| **FORMULA LIABILITY LITIGATION** | ) | **MDL 3037** |
| | ) | |
| **This Document Relates to All Cases** | ) | **Hon. Judge Matthew F. Kennelly** |

**CASE MANAGEMENT ORDER NO. 4 –
STIPULATED PROTECTIVE ORDER**

To expedite the production of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, Co-Lead Counsel on behalf of the Plaintiffs in MDL No. 3037 ("Plaintiffs") and Defendant Abbott Laboratories, Inc.  hereby stipulate and agree to the terms of this Stipulated Protective Order as follows:

IT IS HEREBY STIPULATED, subject to the approval of the Court that:

1.      **APPLICABILITY OF THE PROTECTIVE ORDER.**  This Stipulated Order Governing the Designation and Handling of Confidential Materials (hereinafter "Order") shall govern for pre-trial purposes the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained during the course of this MDL (this information hereinafter referred to as "Discovery Material"). All references to "Party," "Receiving Party," "Producing Party" or "Designating Party" throughout this Order are intended to include Non-parties.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures, responses to discovery, or testimony and that the protection it affords extends only to the information or items that are entitled to protection under the terms of this Order and any other applicable law. Furthermore, the Parties acknowledge that neither this Order—nor the

1

confidentiality designations thereunder—constitutes a ruling by this Court that any specific information is, in fact, confidential.

2. **OTHER DEFINITIONS**

a. **Action**:  The above-captioned action (this Action) includes all cases that are transferred or reassigned into MDL No. 3037.

b. **Party**: any party to this Action.

c. **Non-party**:  any individual, corporation, association, or other natural person or entity that is not a Party to this Action.

d. **Receiving Party**: a Party or Non-party that receives Discovery Material from a Producing Party.

e. **Producing Party**: a Party or Non-party that produces Discovery Material in this Action.

f. **Designating Party**: a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery or provides in the form of deposition testimony as Covered Information (as defined below).  The Designating Party bears the burden of establishing good cause for the protection of all such information or items.

g. **Challenging Party**: a Party that elects to initiate a challenge to a Designating Party's confidentiality designation.

h. **TIFF**:  A widely used and supported graphic file format for storing bit-mapped images, with many different compression formats and resolutions.

i. **Native Format**:  An electronic document's associated file structure defined by the original creating application.  For example, the native format of an Excel workbook is a .xls or .xslx file.

3. **DESIGNATION OF MATERIAL AS "CONFIDENTIAL".**  Any Producing Party may designate Discovery Material as "Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires protections provided in this Order (hereinafter referred to as "Confidential Material" or "Covered Information").

a. **"Confidential Material."**  "Confidential Material" means material or information that constitutes, reflects, discloses or contains:

(i) information protected from disclosure by any applicable State or federal statute or regulation;

(ii) Trade Secrets, Research, and/or Design: Documents and/or information reflecting a party's product-related research or design or which otherwise consist of or include trade secrets not generally known or readily ascertainable by the public (including competitors) are competitively sensitive and public availability of these documents could affect business operations and market share;

(iii) Technical/Manufacturing: Documents and/or information reflecting technical or manufacturing-related procedures and/or practices are competitively sensitive and not generally known or

3

readily ascertainable by the public, including competitors. Public availability of these documents could allow competitors to replicate such procedures or practices, thereby affecting business operations and market share;

(iv) Financial/Planning: Documents or information reflecting short- or long-term planning and/or financial information implicates strategy, including competition and market trends. Such information, including but not limited to related to product pricing, business plans, compensation, and other information that Defendants do not publish to the public, is competitively and commercially sensitive and the public disclosure of such information risks competitive harm to operations and market share;

(v) Marketing/Commercial: Documents and information reflecting marketing and/or commercial strategy, including commercial business terms, are competitively and commercially sensitive as they relate to Defendants' sale of product to the market, and public availability of these documents could impact business operations and market share;

(vi) Medical records/Protected Health Information: For the avoidance of doubt, all medical records produced in this case shall be designated Confidential and treated as personal health information ("PHI") in accordance with the HIPAA Qualified Protective

Order;

(vii)   Confidential Material shall also include any Protected Data (defined below).

(viii)   Confidential Information shall not include any information that is or was at any time in the public domain as a result of publication not in violation of this Order.

b.   **"Protected Data."**   Protected Data shall refer to any information that a Party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other regulatory privacy obligations, including but not limited to Personal Health Information ("PHI") and Personally Identifiable Information ("PII"). Protected Data constitutes highly sensitive materials requiring special protection. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); and the *General Data Protection Regulation (GDPR):* Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation), OJ 2016 L 119/1. Certain Protected Data may compel alternative or additional protections beyond those afforded Confidential Material, in which event the Parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

4.    **MARKING OF DOCUMENTS.** The designation of Discovery Material as Confidential Material for purposes of this Order shall be made in the following manner:

a. **TIFF or PDF Documents.** In the case of documents or other materials containing Covered Information produced in TIFF or PDF format (apart from depositions, pre-trial testimony or medical records), the Producing Party shall affix the legend "Confidential" to all pages in each document containing any Confidential Material.

b. **Native Documents.** With respect to documents or materials containing Covered Information produced in Native Format, the Designating Party shall include the confidentiality designation in the file name and/or on a slip sheet placeholder produced along with the native document.

c. **Designating Depositions.** With respect to any deposition, confidential treatment may be invoked on the record (before the deposition or proceeding is concluded) or within 30 days following receipt of the transcript by identifying the specific portions of the testimony as to which protection is sought. Irrespective of when the right is invoked, the Designating Party must identify by page and line number the portions of the deposition or transcript that include Covered Information within 21 days of receipt of the transcript. After the expiration of that period, the transcript shall be treated as Covered Information only as to the specific portions that are actually designated.

d. **Non-Written Materials.** Any non-text Covered Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such material as "Confidential". In the event a Receiving Party

generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and stamp each page of such material as "Confidential" consistent with the original designation by the Producing Party.

5.    **ADVERSE EVENT PROTECTIONS**. To protect against unauthorized disclosure of Confidential Information, and to comply with all applicable state and federal laws and regulations, the producing party will redact from produced documents, materials and other things, the following items, except to the extent they relate to a plaintiff or any individual on whose behalf a plaintiff is suing: the names, street addresses, Social Security numbers, tax identification numbers, and other personal identifying information of patients and individuals in clinical studies or adverse event reports (unless the above-referenced information relates to named plaintiffs in these Actions). Other general identifying information, however, such as patient or health provider numbers, health provider names, and adverse event reporter names, may not be redacted unless required by state or federal law. Nothing in this paragraph shall require any Party to produce personal identifying information or personal health information in a manner that does not comply with federal or state law. Further, nothing in this agreement prevents either party from moving this Court to compel the production of redacted information. Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 20.63(f), the names and other information which would identify any patients who were reported as experiencing adverse events that are not redacted shall be treated as Confidential, regardless of whether the document containing such names is designated as Confidential.

6.    **DISCLOSURE OF COVERED INFORMATION.** The failure to designate Covered Information does not constitute a waiver of such claim and may be remedied by prompt

supplemental written notice upon discovery of the disclosure, with the effect that such Covered Information will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies made of Covered Information produced to it, and copies made by others who obtained such Covered Information directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Covered Information has been marked with the appropriate confidentiality legend by the Producing Party.

7.      **MATERIALS PREPARED BASED UPON COVERED INFORMATION.** Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information with such specificity that the Covered Information can be identified shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, and to the extent those materials are disclosed to other Parties or Non-parties, or produced or filed in this matter, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order.

8.      **NOTICE TO NON-PARTIES.** Any Party issuing a subpoena to a Non-party shall include a reference to this Protective Order with an offer to provide a copy to the Non-party upon request. Any Third Party from whom discovery is sought by the Parties may avail itself upon the protections and limitations of disclosure provided for in this Order by signing this order prior to production. The Third Party shall identify any Confidential Information produced in accordance with this Order. By so availing itself of the protections and limitations provided for in this Order, any such Third Party shall submit to the jurisdiction of the Court for all matters relating to or arising out of this Order.

9. **GOOD-FAITH BELIEF.** For purposes of this Order, the Designating Party bears the burden of establishing the appropriate designation of all such Discovery Material. The designation of any Discovery Material as "Confidential" pursuant to this Order shall constitute the verification by the Designating Party and its counsel that the material constitutes "Confidential" as defined above.

10. If at any time prior to the trial of this Action, or the trial of any bifurcated or severed plaintiff or claim joined as part of this Action, a Designating Party realizes that previously produced Discovery Material should be designated as "Confidential" the Designating Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the appropriate "Confidential" designation as described above. The procedures and deadlines provided by Case Management Order No. __ - Rule 502(d) and Privileged Materials Order, shall govern any such produced Discovery Material.

11. **PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL MATERIAL.** Confidential Material may be disclosed only to the following "Qualified Persons":

    a. The Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury (and any appellate court or other court (and their personnel) before which the Parties appear in this Action);

    b. Mediators or other individuals engaged or consulted in settlement of all or part of this Action;

    c. Court reporters, stenographers, and videographers retained to record testimony taken in this Action and those persons, if any, specifically engaged for the

limited purpose of making photocopies of documents or otherwise assisting in e-discovery;

d. Counsel for the Parties other than in-house counsel, and such counsel's employees who have responsibility for the preparation and trial of the Action;

e. In-house counsel for the Parties, and such in-house counsel's employees who have responsibility for the preparation and trial of the Action;

f. Parties and employees of a Party to this Order but only to the extent that the specifically named individual Party or employee's assistance or testimony is necessary to conduct the litigation in which the information is disclosed;

g. Litigation support services, including outside copying services, court reporters, videographers, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, provided that they execute Exhibit A as described in Paragraph 13 of this Order;

h. Any individual expert, consultant, investigator, or expert consulting firm retained by counsel of record in connection with this Action to the extent necessary for the individual expert, consultant, investigator, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert

Personnel"); (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Action; (iii) the individual and/or a representative of each expert consulting firm sign the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm; (iv) absent notice and consent of the Defendants or on application to and order of the Court, the individual expert and each of the Designated Expert Personnel is not a current employee, consultant, independent contractor, or any other type of affiliate of the Defendants or any entity that makes or sells infant nutrition products; and (v) the terms of Paragraph 16 of this Order are satisfied;

i. Any person (i) who created, authored, received or reviewed such Covered Information; (ii) is or was a custodian of the Covered Information; (iii) is identified on such Covered Information; or (iv) is or was an employee of the Producing Party and is reasonably believed to have knowledge of the matters in the Covered Information.

j. Any employees of Defendants who are involved with the receipt, review, evaluation, and/or reporting of adverse event reports and other patient-related information to governmental and regulatory agencies to whom Defendants are legally obligated to report such information, and the governmental and regulatory agencies to whom Defendants report such information.

k. Witnesses at depositions or who are noticed for depositions to whom disclosure is in good faith reasonably necessary to conduct the Action, with the limitations that witnesses shall not retain a copy of documents containing Confidential Information, witnesses noticed for depositions who are shown Confidential

Information in advance of their deposition must agree to be bound by the provisions of the Order by signing a copy of Exhibit A prior to being shown Confidential Information and witnesses at depositions must either sign a copy of Exhibit A or, if they refuse, receive an admonition that he or she will be subject to sanction, including contempt, for violating the terms of the Protective Order. However, a Plaintiff's current or former healthcare provider who has agreed on the record at deposition to maintain the confidentiality of any document intended to be used at the deposition may be shown or questioned about Confidential Discovery Material at the deposition, provided that no copies of the Confidential Discovery Material shall be left in the possession of the healthcare provider witness and copies of that Confidential Discovery Material shall not be attached to or included with any original or copy of the transcript of that deposition provided to the healthcare provider. Counsel present at the deposition should make a good faith effort to obtain the healthcare provider's agreement on the record to maintaining confidentiality, and no counsel shall make efforts to dissuade the healthcare provider from refusing to agree on the record to maintaining the confidentiality of any such documents. Regardless of whether any deponent signs the Endorsement of Protective Order attached as Exhibit A, this Order will apply to any deponent who is shown or examined about Confidential Discovery Material, and the deponent cannot take any exhibits with them or reveal any information the learned from the confidential materials shown to them;

l.  Mock jurors who have agreed to be bound by the provisions of the Order by

signing a copy of Exhibit A;

m. Auditors and insurers of the Parties; and

n. Any other person as may be designated by written agreement by the Producing Party or by order of this Court.

12. **EXECUTING THE NON-DISCLOSURE AGREEMENT.** Each person as identified in Paragraphs 11(b), (c), (g), (h), and (k) to whom Covered Information is disclosed shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Covered Information. Copies of the executed Exhibit A shall be retained by counsel disclosing Covered Information to such person. Consistent with Paragraph 17 and Supreme Court Rule 201(b)(3), a non-disclosure agreement executed by a consultant shall not be available to any other Party except on a court order following a showing of exceptional circumstances.

13. **CHALLENGING CONFIDENTIALITY DESIGNATIONS.** A Party objecting in good faith to the designation of any material as Confidential shall give written notice including a brief statement of the basis for the objection to the Designating Party after receiving such material. Upon receipt of the written objection, counsel for the Designating Party shall, within 10 days, provide a written response to the objecting Party explaining the basis and supporting authority for the designation. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the objecting Party and the Designating Party cannot resolve their dispute through such meet and confer discussions, within 14 days after the Parties have reached an impasse after meet and confer efforts, the Challenging Party shall move the Court for an order modifying or removing such designation. The Designating Party shall have 14 days to file a response. The challenging party shall have 7 days to file a reply. The Designating Party has the burden of establishing that the document is entitled to protection. Any material so

designated shall remain Confidential, and shall be subject to all restrictions on its disclosure and use set forth in this Order until one of the following occurs: (1) the Designating Party withdraws such designation in writing; or (2) the Court rules that the challenged material should be re-designated. In either event, the Designating Party shall reproduce copies of the re-designated material with the appropriate confidentiality designations at the Designating Party's expense within 10 days.

14. **SUBPOENA FOR COVERED INFORMATION.** If any Party has obtained Covered Information under the terms of this Order and receives a request to produce such Covered Information by subpoena or other compulsory process commanding the production of such Covered Information, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information. The Designating Party shall respond to the Party receiving the subpoena within 21 calendar days of receiving written notice of any intent to seek a protective order. During this time period, the Party or person receiving the subpoena shall inform the person seeking the protected discovery material that such information is subject to the foregoing Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur until the deadline for the Designating Party to respond to written notice of the subpoena.

If the Designating Party informs the Party served with the subpoena that it has filed a motion seeking a protective order from the court where the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by that court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should

be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15. **USE OF DISCOVERY MATERIAL.**  Covered Information shall be used solely for purposes of prosecuting, defending or attempting to resolve this Action, including any appeal (subject to any coordination order that is entered).

16. **REDACTIONS ALLOWED**.

   a. Any Producing Party may redact from documents (i) matter that the Producing Party claims is Privileged Information; or (ii) any Protected Data.  The Producing Party shall mark each redaction with a solid black redaction box, and specify the basis for the redaction as appropriate, consistent with the privilege logging provisions of the stipulated order regarding the disclosure of privileged information.  Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked.  If counsel for the Producing Party agrees or if the Court orders that documents initially redacted shall not be subject to redaction or shall receive alternative treatment, and the documents are subsequently produced in unredacted form, then those unredacted documents shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the producing Party.

   b. In addition to the foregoing, the following shall apply to redactions of Protected Data:

      (1) Any Party may redact Protected Data that it claims, in good faith, requires protections under the terms of this Order.  Protected Data,

however, shall not be redacted from documents to the extent it directly relates to or identifies an individual named as a Party in connection with the subject matter of this Action. Protected Data of an individual named as a Party shall otherwise receive the same protections and treatment afforded to other Protected Data under this Protective Order.

(2) Protected Data shall be redacted from any public filing not filed under seal.

c. The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Covered Information as set forth in Case Management Order No. __ - Rule 502(d) and Privileged Materials Order.

d. Nothing herein precludes any Party from seeking the other Parties' consent or an order allowing the Party to redact nonresponsive matter from otherwise responsive documents on a case-by-case basis.

17. **PRIVILEGED MATERIALS.** Privileged materials shall be logged consistent with the privilege logging provisions of the stipulated order regarding the disclosure of privileged information.

18. **EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS.** Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Covered Information from any deposition where testimony regarding Covered Information or the use of Covered Information is likely to arise.

19. **SECURITY OF COVERED INFORMATION.** Any person in possession of

another Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Covered Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

a. Covered Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Covered Information under this Order;

b. To whatever extent the software tracks user access, an audit trail of use and access to litigation support site(s), to the extent the litigation support software tracks user access, shall be maintained while this Action, including any appeals, is pending;

c. Any Covered Information downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Covered Information under this Order. If the user is unable to password protect and/or encrypt the device, then the Covered Information shall be password protected and/or encrypted at the file level;

d. Covered Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Covered Information under this Order;

e.  Summaries of Covered Information, including any lists, memoranda, indices or compilations prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Covered Information; and

f.  If the Receiving Party learns at any time that the Covered Information has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.  If the Receiving Party discovers a breach of security[1] relating to the Covered Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate the effects of the breach, undertake reasonable, industry-standard actions to remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

20.  **FILING COVERED INFORMATION.**  All Covered Material included as part of any pleading or memorandum shall be filed in accordance with N.D. Ill. Local Rule 5.8.  Any

---

[1] Breach is defined to include, but is not limited to, the confirmed or suspected: (i) disclosure or use of Covered Information by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device containing Covered Information.

Party may provisionally file pleadings and supporting documents containing Confidential with the Clerk's Office "under seal." The Clerk's Office shall maintain the seal on those documents for a period of 14 days. Before the expiration of the 14-day period, a party seeking to maintain the documents under seal or redactions of any part thereof must file a motion to that effect demonstrating that sealing or redactions are appropriate under the Protective Order; upon filing of such a motion, the party that provisionally filed the documents will have 7 days to respond. The filing will remain sealed until the Court resolves the motion. If no motion is filed within 14 days, the Clerk's Office shall remove the seal on the filed pleading and supporting documents.

21.     **IMPROPER DISCLOSURE OF COVERED INFORMATION.**  Disclosure of Covered Information other than in accordance with the terms of this Order may subject a Party to such sanctions and remedies as the Court may deem appropriate.

22.     **FINAL TERMINATION.**   Upon termination of the Action, including, for example, a voluntary dismissal or an exhaustion of any and all appeals, counsel for each Party shall, upon request of the Producing Party, return all Covered Information, including any copies, excerpts and summaries thereof, or shall destroy the same at the option of the Receiving Party and provide written confirmation of destruction, and shall purge all such information from all machine-readable media on which the Covered Information resides. Notwithstanding the foregoing, counsel for each Party and the in-house counsel of each Defendant designated under Paragraph 12(a) may retain all pleadings, briefs, memoranda, exhibits to any pleading, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, trial exhibits, and other documents filed with the Court that refer to or incorporate Covered Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain Covered Information need not be destroyed, but, if they are

not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

23. **PROTECTIVE ORDER REMAINS IN FORCE.** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered or agreed upon by the Parties, this Protective Order shall survive the termination of this Action. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

24. **MODIFYING THIS ORDER.** Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.


**SO ORDERED**

Dated:    Oct. 14, 2022

Hon. Matthew F. Kennelly
U.S. District Court for the Northern District of
Illinois.

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [*print or type full name*], of

_____ _____ [print or type full address], have

read and understand the Stipulated Protective Order that was issued by the United States District

Court for the Northern District of Illinois (the "MDL Court") on [*insert date*] in the case of *In re:*

*Recalled Abbott Infant Formula Products Liability Litigation* (MDL 3037). I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order. In compliance with this Order,

I will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the MDL Court for the purpose of enforcing

the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I declare under penalty of perjury that the foregoing is true and correct. Signed this _____

day of _____, 20___, at _____

[*insert city and state where sworn and signed*].

Signature: _____