# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: RECALLED ABBOTT INFANT FORMULA PRODUCT LIABILITY LITIGATION | ) ) ) Case No: 22 C 4148 ) ) MDL No. 3037 |
| This Document Relates to All Cases | ) ) ) Hon. Judge Matthew F. Kennelly |

**THIS DOCUMENT RELATES TO ALL CASES**

## CASE MANAGEMENT ORDER NO. 20
## (QUALIFIED PROTECTIVE ORDER ‑ MASSIVE)

Co-Lead Counsel on behalf of the Lien Resolution Administrator MAS **CASE MANAGEMENT ORDER NO. 20
(QUALIFIED PROTECTIVE ORDER ‑ MASSIVE)**

SIVE: Medical and Subrogation Specialists ("MASSIVW") moves this Court for entry of a Qualified Protective Order in the above captioned action. This Qualified Protective Order shall apply specifically to Plaintiff Law Firms in the above captioned action that retain (or have retained) MASSIVE to serve as their agent to perform certain functions related to Plaintiffs' health insurance reimbursement claims and/or liens (hereinafter collectively "Counsel"). Due to the large number of Plaintiffs in the above captioned action, a Qualified Protective Order, as opposed to obtaining individual proofs of representation and HIPAA authorizations on a claimant-by-claimant basis, will significantly expedite the lien resolution process and administration of settlement agreements arising out of the above captioned action.

In order to perform its duties and functions on behalf of Counsel, this Qualified Protective Order will vest MASSIVE with: (1) the authority to act as agent for Counsel for the benefit of all settling claimants in the above captioned action for purposes of claim and/or lien identification and resolution; (2) the authority to receive and release protected health information and individually

identifiable health information related to claimants represented by Counsel; and (3) the authority to

resolve potential recovery claims related to claimants represented by Counsel

for medical items, services, and/or prescription drugs with Governmental Payers[1], Medicare Part C and/or Part D Program sponsors, and/or Other Payers/Providers, including all private health plans whether insured or self-funded (collectively, "Payers") associated with the above-captioned action.

Having considered the record of these proceedings, the arguments and recommendation of counsel for the moving party and the requirements of law, the Court **GRANTS** MASSIVE's motion as follows:

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. In addition to the duties and functions described above, MASSIVE is hereby authorized to provide to and receive from Payers lists of settling claimants represented by Counsel, and related information, which identifies those Payers that have or may have asserted against such claimants a lien, claim, or right of subrogation, indemnity, reimbursement, conditional or other payments, or interest of any type for injury-related medical items, services, and/or prescription drugs paid on their behalf.

2. MASSIVE is further authorized to identify and resolve potential recovery claims related to claimants represented by Counsel for medical items, services, and/or prescription drugs with all entities defined as Payers herein by means necessary, as determined by MASSIVE including, but not limited to, en masse data submissions with Payers designed to identify healthcare coverage and related claims itemizations for claimants, requesting information from relevant parties and accessing internet based healthcare coverage information sources including, but not limited to, www.cob.cms.hhs.gov/MSPRP/.

---

[1] Governmental Payers means any federal, state or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include, but are not limited to, the Centers for Medicare and Medicaid Services ("CMS"), the Medicare Secondary Payer Department, the Medicaid programs of each state and territory and of the District of Columbia (each a "Medicaid Agency"), Veteran's Administration, TRICARE, and Indian Health Services.

3. This Order shall apply to the use of all information related to claimants represented by Counsel that MASSIVE creates, provides to, or receives from Payers that is or may be protected under HIPAA and its amendments[2], or other applicable federal or state law, including all Protected Health Information, as defined in 45 C.F.R. §160.103 [3] and 42 CFR Part 2. MASSIVE is specifically authorized to provide to and receive from CMS, individual Medicaid Agencies, and all other entities defined as Payers herein, lists of claimants and related information, in lieu of providing copies of individual HIPAA authorizations and information on a claimant-by-claimant basis.

The court **DIRECTS** the Clerk to file a copy of this order in 22-cv-04148 and it shall apply to each member related case, *where applicable*, previously transferred to, removed to, or filed in this district.

**IT IS SO ORDERED.**

Dated: Sept. 14, 2024

_____
HON. MATTHEW KENNELLY
UNITED STATES DISTRICT JUDGE

---

[2] HIPAA shall mean the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

[3] This includes demographic information that could be used to identify Medicare-eligible and/or Medicaid-enrolled claimants, information related to claimants' eligibility for and entitlement to benefits under the Medicare Program and Medicaid Program and information related to health care services rendered, including the payment of such services.