**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: RECALLED ABBOTT INFANT FORMULA PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>All Cases | )<br>)<br>) Case No. 22 C 4148<br>) MDL No. 3037<br>)<br>) Judge Matthew F. Kennelly<br>)<br>) |

**CASE MANAGEMENT ORDER NO. 23**
**(Case Management Order For Cases Pending Following Voluntary Settlement Program)**

**I.  SCOPE OF ORDER**

The purpose of this Case Management Order ("CMO") is to efficiently manage the cases that remain in this Court, or that may be filed in, transferred to, or removed to this Court, following the confidential settlement agreement entered into by Abbott Laboratories (hereinafter "Abbott") and the Originally Appointed MDL Co-Lead Counsel.  Effective as of the date this CMO is entered, the stay is lifted, and remaining cases will proceed as outlined below.

This CMO applies to:

a.  the following cases, where the Plaintiffs participated in, but ultimately opted out of the voluntary settlement program (hereinafter "Litigating Plaintiffs"):

- *Hernandez v. Abbott Laboratories, Inc.*, Case No. 1:22-cv-04423
- *Rousselle v. Abbott Laboratories, Inc.*, Case No. 1:23-cv-00931[1]
- *San Miguel v. Abbott Laboratories, Inc.*, Case No. 1:23-cv-02515
- *Rossick et al v. Abbott Laboratories, Inc.*, Case No. 1:23-cv-03401
- *Pelizzaro et al v. Abbott Laboratories, Inc.*, Case No. 1:23-cv-04833

---

[1] All deadlines pertaining to *Rousselle v. Abbott Laboratories, Inc.* shall be stayed pending the outcome of the mediation by the parties to that case.  The parties to the *Rousselle* case shall report to the Court on the outcome of the mediation no later than July 8, 2025.

and

b. all cases brought by persons alleging an injury resulting from the use and/or consumption of certain powdered infant formulas, including Similac®, Alimentum®, or Elecare® powdered infant formula products manufactured at Abbott Laboratories' Sturgis, Michigan facility (hereinafter "Abbott Infant Formula Products") that are filed in, transferred to, or removed to this MDL after the entry of this CMO (hereinafter "New Plaintiffs").

This Order may be modified or amended by written agreement of the parties or for good cause shown with leave from the Court.

## II. BACKGROUND AND STATUS OF PROCEEDINGS

1. On August 5, 2022, the United States Judicial Panel on Multidistrict Litigation established MDL No. 3037 to centralize cases resulting from the consumption of Abbott Infant Formula Products.

2. On May 9, 2024, the Court stayed all case management deadlines. *See* Dkt. 224; Dkt. 229. Since the entry of that stay, Abbott and the Originally Appointed MDL Co-Lead Counsel entered into a confidential settlement agreement without admission of fault or liability to resolve certain filed cases and certain unfiled claims involving alleged injuries resulting from the use and/or consumption of Abbott Infant Formula Products. The settlement program was administered by a court-appointed Special Master. *See* Dkt. 190 (CMO #14).

3. The Court now enters this CMO to efficiently manage this MDL, including cases brought by the Litigating Plaintiffs as well as any cases that may be filed in, transferred to, or removed to, this MDL by New Plaintiffs.

**III.     ANSWERS / RESPONSIVE PLEADINGS**

4. Defendants (which shall include Abbott in all cases and Amazon.com, Inc. ("Amazon") in *Rossick et al v. Abbott Laboratories, Inc.*, Case No. 1:23-cv-03401) shall file an answer to the operative Complaint in each of the Litigating Plaintiffs' cases by June 2, 2025. *See* Dkt. 288. For cases involving New Plaintiffs, any Defendant shall file a response to any Complaint within 45 days from the filing of, removal to, or transfer to this MDL.

5. For cases in which Abbott has already filed an answer to the operative Complaint, Abbott need not file or re-file its prior answer.

**IV.     WRITTEN AND DOCUMENT DISCOVERY[2]**

    **A.     Plaintiff Fact Sheets**

6. The obligations set forth in Case Management Order No. 3 shall not apply to any New Plaintiff.

    **B.     General Written Discovery Requests**

7. By May 29, 2025, the parties shall confer to ensure that the Litigating Plaintiffs (and any New Plaintiffs) have access to the documents produced and discovery responses served by Abbott prior to entry of the May 9, 2024 stay.

8. To the extent Abbott has obtained documents pursuant to the written authorizations executed by the individual Plaintiffs, or any party has obtained documents by way of subpoena issued to third parties, all such documents shall be produced to the opposing party by June 30, 2025.

---

[2] The requirements of Sections IV and V shall apply to discovery-related obligations pertaining to Plaintiffs and Abbott. The Court understands that Amazon is named as a Defendant in the *Rossick* action. The Plaintiffs in the *Rossick* action and Amazon are hereby ordered to confer regarding a proposed discovery plan and to submit an agreed-upon proposal (or competing proposals) regarding discovery by or from Amazon on or before June 27, 2025.

9. By June 30, 2025, Abbott shall update its written responses to the General Discovery Requests on which the Original PSC and Abbott previously negotiated and reached agreement.

10. By August 11, 2025, Abbott shall:

 (a) Complete production and supplemental production of custodial and non-custodial documents and remaining files from network drives as agreed to with the PSC prior to the May 9, 2024 stay;

 (b) Serve a full and complete privilege log for withheld or redacted documents not included in the log served by Abbott to the Original PSC on January 12, 2024; and

 (c) Expand the range of consideration for Abbott's responses to interrogatories previously served by the Original PSC to extend back to January 1, 2019, and modify its general objections to reflect the expanded time period, and amend its responses to the extent necessary based on that modification.

11. For any other request served by the Original PSC, the parties are directed to meet and confer regarding any disputes. If the parties are unable to reach agreement following such conference, they may submit disputes to the Court for resolution.

12. Neither the Litigating Plaintiffs nor any New Plaintiffs shall be permitted to serve additional non-Case-Specific Written Discovery Request (as defined below) except with leave of Court after good cause shown. If the Litigating Plaintiffs wish to move the Court to serve new non-Case-Specific Written Discovery Requests, they shall do so on or before October 16, 2025.

 **C. Case-Specific Written Discovery.**

13. In addition to the materials previously produced, Abbott and any Litigating or New Plaintiffs may serve case-specific fact discovery requests beginning on the entry of this CMO.

Case-specific discovery shall be limited to discovery regarding each individual Litigating Plaintiff or New Plaintiff's claim, or any defenses to such claims asserted by Abbott, such as their specific alleged injuries; identification, preparation, and distribution of the batch of Abbott Infant Formula Products that the Plaintiff alleges caused those injuries, as well as other potential causes of those injuries; the Plaintiff's medical or other pertinent history; the Plaintiff's purchase, receipt, use, and/or consumption of Abbott Infant Formula Products; documents and communications (including marketing and educational materials) between Abbott and/or individual Plaintiffs with specific retailers, distributors, or healthcare providers or facilities identified by an individual Plaintiff as having provided or recommended Abbott Infant Formula Products (a "Case-Specific Written Discovery Request"). Such Case-Specific Discovery Requests may include requests for production, interrogatories, and/or requests for admission as set forth herein, and the parties shall retain all rights to object to such requests on grounds of relevance, proportionality, and other grounds.

14. <u>Requests for Production</u>. The Litigating Plaintiffs shall coordinate to serve a single set of coordinated case-specific requests for production, which Abbott shall respond to in a unified fashion, to the extent reasonably possible. The Litigating Plaintiffs collectively shall be limited to 50 requests for production that are not duplicative of requests for production previously served by the Original PSC and responded to by Abbott. Abbott is also limited to 50 requests for production, to be responded to by the Litigating Plaintiffs in each case, that are not duplicative of items provided with Plaintiffs' Fact Sheet or items obtained and produced by Abbott pursuant to Paragraph 8 herein. Abbott and Plaintiffs shall also produce case-specific documents that they previously agreed to produce during Bellwether discovery in *Hernandez v. Abbott Laboratories,*

*Inc.* and *Pelizzaro et al. v. Abbott Laboratories, Inc.* by July 9, 2025.[3]  The requests previously served by the Litigating Plaintiffs and Abbott in *Hernandez* and *Pelizzaro* shall not count against the 50-request limit set forth herein.

15. <u>Interrogatories and Requests for Admission</u>.  Each Litigating Plaintiff and each New Plaintiff may serve twenty (20) case-specific interrogatories and twenty-five (25) case-specific requests for admission on Abbott.  Likewise, Abbott may serve twenty (20) case-specific interrogatories and twenty-five (25) case-specific requests for admission in each Litigating Plaintiff and New Plaintiff action.  Case-specific Interrogatories and Requests for Admission previously served in *Hernandez* and *Pelizzaro* during Bellwether discovery to which the opposing party issued a substantive response shall count toward the number of allotted requests in that case.  Requests for which the opposing party only objected and did not serve a substantive response shall not count toward the number of allotted requests.   Responses such as "Plaintiff has not provided a batch number" or "Plaintiff has not provided a time frame" shall not be considered a substantive response.  The parties to *Hernandez* and *Pelizzaro* shall meet and confer by June 11, 2025 regarding the status of previously served requests and the proper allotment of such requests with respect to the limits set forth in this CMO.  Notwithstanding the limitations set forth in this Paragraph, any party may seek leave of court to serve additional Interrogatories or Requests for Admission upon a showing of good cause.

---

[3]  Prior to the stay and settlement, *Hernandez* and *Pelizzaro* were selected as Bellwether cases pursuant to Case Management Order No. 15 (Dkt. No. 200).  Both Plaintiffs and Abbott served and responded to requests served in those cases.  At the time of the May 9, 2024 stay, certain responses and productions were ongoing, and the Court understands that parties had not finished conferring on all objections raised.

16. Any written discovery requests shall be served in such time to ensure it can be responded to in accordance with the deadlines set by the Federal Rules of Civil Procedure prior to the close of fact discovery as set forth below.

## V. DEPOSITION DISCOVERY

### A. Depositions of Plaintiffs and Other Guardians

17. Abbott shall be entitled to depose any adult Plaintiff and any other guardian of the child alleged in each case to be injured by the use and/or consumption of Abbott Infant Formula Products. Abbott may take up to two (2) Plaintiff/guardian depositions per case (absent leave of Court for good cause shown).

### B. Depositions of Abbott and other Defendants

18. <u>Rule 30(b)(6) Deposition</u>. To the extent any Litigating Plaintiff wishes to depose Abbott pursuant to Fed. R. Civ. P. 30(b)(6), all such Litigating Plaintiffs shall confer and together serve a single notice of deposition on Abbott pursuant to that Rule. Following service of the notice, Abbott shall have twenty-five (25) days to issue responses and objections, after which the parties shall meet and confer regarding the topics in the notice and the proposed duration of the deposition. To the extent the parties are unable to reach agreement with respect to the topics and/or duration of the deposition, the parties should promptly address any disputes to the Court.

19. Following the Court's resolution of any disputed issues (if necessary), Abbott may designate the individual(s) of its choosing in response to such notice consistent with the Federal Rules of Civil Procedure 30(b)(6). The parties shall confer prior to the deposition of any Rule 30(b)(6) designee to ensure the Rule 30(b)(6) deposition proceeds efficiently on all topics for

which such witness is designated. Plaintiffs' counsel may coordinate to allow multiple questioning attorneys for such depositions but shall avoid duplicative questioning.

20. <u>Rule 30(b)(1) Depositions</u>. Plaintiffs shall be entitled to notice and depose employees and former employees of Abbott pursuant to Fed. R. Civ. P. 30(b)(1). While the Court intends to impose limitations as to such depositions, it finds it premature to do so at this time. By October 6, 2025, the parties shall meet and confer as to their respective proposals for such depositions. To the extent the parties are unable to reach agreement with respect to such depositions, the parties should promptly address any disputes to the Court.

21. Plaintiffs must coordinate to ensure that any Abbott employees or former employees are only deposed once across all remaining cases. Plaintiffs' counsel may coordinate to allow multiple questioning attorneys for such depositions but shall avoid duplicative questioning.

    **C.    Depositions of Third Parties**

22. By September 9, 2025 (or, in the case of a New Plaintiff, within 90 days of the filing of, removal to, or transfer of the New Plaintiff's case to this MDL), the parties to each Litigating or New Plaintiff's case must exchange initial lists of potential case-specific third-party witnesses (e.g. Caretakers, Medical Providers, Regulators, Auditors, Inspectors, Third Party Labs, Distributors, Retailers, Contractors of Abbott, or any other entity or individual likely to have discoverable information) and, for each third party, the information provided for in Federal Rule of Civil Procedure 26(1)(A)(i) to the extent known. Such exchange is designed to facilitate efficient discovery in this matter and shall not preclude a party from identifying different or additional witnesses who are later identified in good faith.

23. Prior to commencement of third-party depositions, the parties shall meet and confer regarding a deposition protocol for such depositions and shall promptly submit any dispute regarding that protocol to the Court for resolution.

## VI. EXPERT DISCOVERY

24. Given the potential for overlapping issues across the remaining cases, Abbott and/or the Litigating (or New) Plaintiffs collectively may—but are not required to—serve non-case-specific expert reports regarding issues that may apply to multiple of the remaining cases.

25. Additionally, the parties may—but are not required to—serve case-specific expert reports regarding issues specific to a particular case.

26. The parties may serve rebuttal reports to any generic or case-specific expert report as set forth below.

## VII. CASE SCHEDULES

### A. Schedule For Cases Involving the Litigating Plaintiffs

27. The following schedule shall govern the Litigating Plaintiffs' cases:

| Answers and Fact Discovery-Related Obligations | |
|---|---|
| Case-Specific Fact Discovery Begins | Upon entry of this Order |
| Answers | June 2, 2025 |
| Abbott 26(g) Certification | August 29, 2025 |
| Identification of Initial List of Potential Case-Specific Third-Party Fact Witnesses | September 9, 2025 |
| Close of Fact Discovery | February 13, 2026 |
| **Expert Discovery** | |
| Parties Exchange Non-Case-Specific Expert Reports | March 12, 2026 |
| Parties Exchange Case-Specific Expert Reports | March 26, 2026 |

| | |
|---|---|
| Parties Exchange Rebuttal Non-Case-Specific Expert Reports | April 9, 2026 |
| Parties Exchange Rebuttal Case-Specific Expert Reports | April 23, 2026 |
| Close of Expert Discovery | July 3, 2026 |
| **Dispositive Motions** | |
| *Daubert* Motions | July 24, 2026 |
| Motions for Summary Judgment | July 31, 2026 |
| Oppositions to *Daubert* Motions | August 27, 2026 |
| Oppositions to Motions for Summary Judgment | September 3, 2026 |
| Replies to *Daubert* Motions | September 17, 2026 |
| Replies to Motions for Summary Judgment | September 24, 2026 |
| Hearing on Summary Judgment and *Daubert* Motions | Parties to confer and consult with the Court following the filing of motions |

**B.    Schedule for New Plaintiffs**

28.    Abbott and any other Defendant named in a case involving a New Plaintiff shall meet and confer with said Plaintiff following the Answer or resolution of any Responsive Pleading, and shall submit to the Court either an agreed-upon case schedule for case activities through the resolution of dispositive motions, or, if the parties are unable to reach agreement, competing scheduling proposals no later than thirty (30) days after the filing of an Answer.

**IT IS SO ORDERED.**

Dated:   5/23/2025

_____
The Honorable Matthew F. Kennelly
U.S. District Court Judge