**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: RECALLED ABBOTT INFANT FORMULA PRODUCTS LIABILITY LITIGATION | Case No. 22 CV 4148 MDL No. 3037 |
| This Document Relates To: All Cases | Hon. Judge Matthew F. Kennelly |

**JOINT STATUS REPORT**
**FOR THE APRIL 9, 2026 CASE MANAGEMENT CONFERENCE**

In advance of the case management conference to be held by video on April 9, 2026 at 10:00 a.m., the parties provide this joint status report regarding ongoing cases. This report does not address settled cases.

Since the February 20, 2026 case management conference, the parties have continued to advance the discovery process as well as other case activities. The parties briefly identify those activities here and will be prepared to discuss these issues in more detail at the upcoming conference.

**Written and Document Discovery**

1. On March 3, 2026, Abbott served additional case-specific requests for production to be answered by all Plaintiffs as well as additional case-specific interrogatories on the Plaintiffs in the *Hernandez*, *Pelizzaro*, *Rossick*, and *San Miguel* cases. Plaintiffs' responses are due on April 2, 2026, contemporaneous with the filing of this report. Abbott will review Plaintiffs' responses upon receipt and the parties will confer over any potential disputes.

2. On April 2, 2026, contemporaneous with the filing of this report, Abbott is scheduled to serve its responses and objections to the new interrogatory and request for production that Plaintiffs were granted leave to serve following the February 20, 2026 case management

conference. Plaintiffs will review Abbott's responses upon receipt and the parties will confer over any potential disputes.

3. On March 2, 2026, the *San Miguel* Plaintiffs served 13 new interrogatories on Abbott. The parties have agreed to a one-week extension for Abbott to serve its responses and objections, which are now due on April 8, 2026. Plaintiffs will review Abbott's responses upon receipt and the parties will confer over any potential disputes.

4. The parties continue to meet and confer regarding Plaintiffs' production of ESI in response to Case Management Order #29 and in accordance with Case Management Order #5. The parties hope to resolve the remaining discovery issues across all cases in advance of the April 9 conference. However, given the state of productions in two cases—*Rousselle* and *Rossick*—and the June 26, 2026 fact discovery cut-off, Defendants request an opportunity to brief remaining production issues in those cases on April 20, 2026, should deficiencies remain by that date. The parties briefly address those issues here for Court's consideration:

### *Rousselle*

Abbott's Position: After the *Rousselle* Plaintiffs made their initial ESI production in October 2025, Abbott raised numerous concerns with the production, which was made in the form of isolated screenshots of messages identified and selected by the individual Plaintiffs, nearly all of which were cut-off or incomplete. Plaintiffs also failed to run many agreed-upon search terms and their production lacked any accompanying metadata, meaning that Abbott could not identify the senders, recipients, or dates of the messages. In December 2025, Plaintiffs committed to resolve those issues, but in making a supposedly revised production on January 30, 2026, the errors persisted. Abbott has since followed up on three occasions seeking a revised production, which Plaintiffs have recently committed to correct by April 13, 2026. Abbott is hopeful that Plaintiffs will make a usable and complete production by that date, however, given the lack of progress on these issues over the past five months (despite repeated follow up by Abbott) and the need for Abbott to receive Plaintiffs' revised production sufficiently before deposing the Plaintiffs, Abbott respectfully requests that the Court permit Abbott to file a motion to compel on or before April 20, 2026 should significant production issues remain by that date.

*Rousselle* Plaintiffs' Position: Plaintiffs dispute Abbott's characterization of their ESI efforts. Plaintiffs have acted in good faith to collect and produce responsive materials from

their personal devices, which consist primarily of text messages and social media communications.

Since Abbott raised concerns, Plaintiffs have taken steps to supplement and improve their production, including re-producing materials in Bates-stamped, OCR-searchable format with an accompanying spreadsheet reflecting available information. Plaintiffs are now coordinating a more formalized collection of their devices and accounts to ensure proper execution of agreed-upon search terms, capture of complete message threads, and preservation of available metadata consistent with CMO 6.

Plaintiffs have arranged to appear at counsel's office on April 7, 2026 to complete this process and will supplement their production by April 13, 2026. Plaintiffs have proceeded diligently and remain committed to meeting and conferring in good faith to resolve any remaining issues without Court intervention.

### *Rossick*

Defendants' Position: After Defendants agreed to multiple extensions for the *Rossick* Plaintiffs' ESI production, these Plaintiffs made their production on February 23. While Plaintiffs committed to "search personal email, text messages, and identified social media (to include Facebook, Instagram, and GoFundMe) on both parents' cell phones and iPads," their production included only emails to and from one email address belonging to one Plaintiff (Deborah Rossick). Plaintiffs' production also contains numerous unexplained Bates number gaps, is missing email attachments in numerous places, and contains documents that were improperly redacted or processed with technical errors. Plaintiffs also served a privilege log with their production that is deficient in many respects under CMO No. 5 and the Federal Rules. Among other issues, the log includes lacks sufficient document descriptions, fails to indicate whether a logged document has been redacted or withheld in its entirety, fails to provide the basis for Plaintiffs' assertion of privilege, fails to designate attorneys and paralegals and includes entries that seemingly do not involve any attorney, and, for certain entries, omits information from multiple fields of the log.

Defendants (Abbott and Amazon) collectively sent Plaintiffs a letter on March 11 identifying these deficiencies. The parties met and conferred on March 24, at which time Plaintiffs stated that they were still evaluating Defendants' letter and the issues identified therein. Defendants subsequently requested the *Rossick* Plaintiffs provide a commitment by April 1 that they would revise their privilege log and correct the deficiencies in their production by April 15, but Plaintiffs have yet to respond. Defendants remain hopeful that the parties will be able to resolve this dispute, but respectfully requests that the Court permit Defendants to file a motion to compel on or before April 20, 2026 if the parties are unable to resolve this dispute.

*Rossick* Plaintiffs' Position: *Rossick* Plaintiffs continue to evaluate alleged deficiencies in their ESI log and production and remain committed to providing Abbott and Amazon a revised privilege log by April 8, 2026. Plaintiffs will also likely provide additional documents. Counsel will make themselves available for conferral should Abbott and Amazon remain unsatisfied. *Rossick* Plaintiffs agree that if Abbott and Amazon are not

satisfied after April 8, 2026 and subsequent conferral that issues regarding *Rossick* Plaintiffs' ESI production will be ripe for a Motion to Compel by April 20, 2026.

**Depositions**

5.      On March 31, 2026, the parties submitted to the Court's Proposed Orders account a draft Case Management Order regarding deposition limits and related deadlines consistent with the Court's Minute Order following the February 20, 2026 Case Management Conference (Dkt. 462).

6.      Plaintiffs noticed and took the deposition of Timothy Brandys, a former Abbott employee, on March 31, 2026.

7.      Plaintiffs have requested depositions of eight additional Abbott current or former employees Patrick Cooper, Andy DiMezza, Susan Elgan, Keenan Gale, TJ Hathaway, John Lucht, Robert Stauffer, and Dr. Fabrizis Suarez.  Plaintiffs are in the process of conferring with Mr. DiMezza's counsel regarding dates.  As to Mr. Stauffer and Mr. Lucht, Abbott provided available dates to Plaintiffs earlier today, which Plaintiffs are considering.  As to the remaining five individuals, Plaintiffs requested those depositions on March 31 and Abbott is in the process of determining availability.

8.      Pursuant to Case Management Order #28 (Deposition Protocol), Plaintiffs have also inquired with Abbott regarding the employment status and location of nearly 85 additional current or former Abbott employees, which Abbott provided on February 9, February 23, and March 25.  Plaintiffs are presently evaluating potential deponents.

9.      Abbott (and, where applicable, Amazon) has either formally noticed and/or requested the depositions of Plaintiffs in each of the five remaining cases:

- Abbott has noticed the depositions of the Plaintiffs in the *Pelizzaro* case for April 9 and 10.

4

- Abbott has noticed the deposition of the Plaintiff in the *Hernandez* case for May 4. Abbott has also subpoenaed Jose Ramirez (the non-party father of the infant at issue in the case) for deposition on May 5 and Alma Winn (the infant's grandmother) for deposition on May 6.

- Abbott has noticed the depositions of the Plaintiffs in the *San Miguel* case for May 18 and 19.

- Defendants (Abbott and Amazon) have noticed the depositions of the Plaintiffs in the *Rossick* case for May 28 and 29.

- Abbott has noticed the depositions of the Plaintiffs in the *Rousselle* case for June 2 and 3.

10.  On March 10, 2026, Plaintiffs served notices of deposition pursuant to Rule 30(b)(6) on Abbott and Amazon. Consistent with Case Management Orders #23 (as to Abbott) and #24 (as to Amazon), the respective Defendants will serve responses and objections on April 6, with the parties to meet and confer regarding the topics and proposed duration of Rule 30(b)(6) testimony thereafter.

11.  *Rossick* Plaintiffs and Amazon continue to engage in good faith discussions regarding Amazon's response to Plaintiffs' written discovery requests. Plaintiffs reserve the right to raise any unresolved issues at the next status conference.

Respectfully submitted,

April 2, 2026

/s/ Michael A. Glick

James F. Hurst, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: 312-862-2000
Fax: 312-862-2200
james.hurst@kirkland.com

Michael A. Glick, P.C. (*pro hac vice*)
Katherine R. Katz (*pro hac vice*)
Erin E. Cady (*pro hac vice*)
Alyssa M. McClure (*pro hac vice)*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202-389-5000
Fax: 202-389-5200
michael.glick@kirkland.com
katherine.katz@kirkland.com
erin.cady@kirkland.com
alyssa.mcclure@kirkland.com

Brad Masters (*pro hac vice*)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Tel: 801-877-8143
Fax: 801-877-8101
brad.masters@kirkland.com

*Counsel for Abbott Laboratories*

/s/ Thomas J. Preuss

Thomas J. Preuss (*pro hac vice*)
PREUSS | FOSTER
11141 Overbrook Road, Ste. 104
Leawood, KS 66211
Tel: 816-307-2788
Fax: 816-336-9705
tjpreuss@pflaw.com

Claudia I. Guerrero (*pro hac vice*)
DILLEY LAW FIRM, P.C.
315 E. Commerce St., Ste. 203
San Antonio, Texas 78205
Tel: (210) 225-0111
Fax: (210) 228-0493
claudia@dilleylawfirm.com

Daniel J. T. Sciano (pro hac vice)
10107 McAllister Freeway
San Antonio, TX 78216
Tel: (210) 225-3121
Fax: (210) 225-6235
dsciano@tsslawyers.com

Marc Matthews (*pro hac vice*)
McIntyre Thanasides Bringgold Elliott
Grimaldi & Guito, P.A.
1228 E. 7th Avenue, Suite 200
Tampa, FL 33605
Tel: (813) 530-1000
marc@mcintyrefirm.com

*PSC II*

/s/ Jamie L. Lanphear
J. David Bickham (*pro hac vice*)
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Tel: (415) 543-8700
dbickham@reedsmith.com

Lisa M. Baird (*pro hac vice*)
Reed Smith LLP
200 S. Biscayne Blvd., Suite 2600
Miami, FL 33131
Tel: (786) 747-0200
lbaird@reedsmith.com

Jamie L. Lanphear (pro hac vice)
Reed Smith LLP
1301 K St. NW, #1100
Washington, D.C. 20005
Tel: (202) 414-9217
jlanphear@reedsmith.com

*Counsel for Amazon.com, Inc.*

/s/ John D. Sileo
John D. Sileo
Law Offices of John D. Sileo
3816 Bienville Street
New Orleans, Louisiana 70119
Tel: (504) 486-4343
jack@johnsileolaw.com

*Counsel for the Rousselle Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system and/or by e-mail.

/s/ *Michael A. Glick*
Michael A. Glick