**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: RECALLED ABBOTT INFANT FORMULA PRODUCTS LIABILITY LITIGATION** | ) ) ) ) ) |
| | Case No. 22 CV 4148 |
| | MDL No. 3037 |
| **This Document Relates To:** | ) ) |
| **All Cases** | ) Hon. Judge Matthew F. Kennelly ) ) |

### ABBOTT'S MOTION TO ENFORCE MDL SCHEDULING ORDERS

Abbott moves this Court to bar Plaintiffs from continuing to engage in liability-related third-party discovery in violation of the Court's prior scheduling orders. Early this year, the Court set June 26 as the deadline for completion of third-party liability discovery, including documents and depositions. The Court made clear that deadline was "a brick wall." But the June 26 deadline has come and gone, and Plaintiffs appear to still be pursuing liability-related third-party discovery in violation of this Court's orders. And they are doing so surreptitiously as they are neither coordinating with counsel for Abbott nor are they responding to multiple requests for information seeking clarification about what, exactly, they are still doing with third-party liability discovery. It is indisputable that Plaintiffs did not seek an agreement from Abbott or obtain leave of the Court to pursue this discovery after the June 26 deadline, nor does good cause exist for them to do so now. Abbott is left with no other option but to request that the Court enforce the June 26 deadline and direct Plaintiffs to cease their out-of-time pursuit of liability-related third-party discovery.[1]

---

[1] Given Plaintiffs' conduct (as detailed herein) as well at their refusal to confirm they are not continuing to pursue this discovery, Abbott is compelled to file this motion now and outside of the joint status report due on August 18 before the case management conference scheduled for August 28. Abbott is amenable to this motion being heard at that conference, provided that Plaintiffs confirm that they will neither contact nor correspond with any of the subject third parties regarding any document request or potential deposition until this motion is resolved.

### BACKGROUND

***Case Schedule.*** For more than six months, the parties have known that June 26, 2026 was the deadline for fact discovery in this MDL, including for third-party discovery related to liability issues. The Court first set that deadline orally during the in-person case management conference held on January 15, then formally entered it in Case Management Order #29 a few days later. *See* Jan. 15, 2026 Hr'g at 153:17-19; Dkt. 446. Then, on February 20, the Court set limits on the number of third-party liability-related depositions that each side could take, which it later memorialized in Case Management Order #31. *See* Feb. 20, 2026 Hr'g at 33:1-4; Dkt. 474 at 2. But the deadline for these depositions was explicit in CMO #31, just as it was in CMO #29: "June 26, 2026." *Id.*

In subsequent conferences, the Court made clear that it would not entertain extensions of the June 26 deadline, commenting at the April 9 case management conference:

> I'm just going to say one thing. Whatever the fact discovery cutoff date is -- I don't know if it's June the 26th or June the 29th. It's somewhere in that range. Anybody who is sitting around thinking that's just a mirage ought to be thinking, nope, that's a brick wall. So I'm a little concerned when I get the status report dated February -- April the 2nd that says exactly one deposition has been taken. So it's time to gear up, guys.

Apr. 9, 2026 Hr'g at 11:20-12:3. And then at the April 28 conference later that month:

> By the way, if I haven't said it before, I'm saying it now. Remind me what the discovery fact cutoff date is? June the what? Don't anybody think about asking me to extend that for even a nanosecond, even to 12:01 a.m. on the next day because it's not going to happen.

Apr. 28, 2026 Hr'g at 58:19-24.

***Plaintiffs' failure to timely pursue third-party discovery.*** Notwithstanding the Court's entry of the June 26 deadline in mid-January and establishment of limits pertaining to third-party depositions by mid-February, Plaintiffs substantially delayed their pursuit of any third-party discovery for months. It was not until late May—*just a month before the close of fact*

*discovery*—that Plaintiffs noticed 11 subpoenas to be served on third parties seeking depositions that were purportedly to occur from June 18 to 26—the last 9 days of the liability-related fact discovery period (during which the parties were already scheduled to take 8 other depositions).[2] Plaintiffs did so without conferring with Abbott regarding a single deposition date (in contravention of Section III.D.1 of CMO #28 (the MDL Deposition Protocol)).[3] Each of the subpoenas also entailed remarkably broad requests for documents (well beyond the parameters this court set for appropriate document discovery), seeking materials that were purportedly to be brought to the depositions (much of which overlapped substantially with discovery that Plaintiffs sought and received from Abbott, or which they pursued from Abbott and the Court denied).

After serving these late-breaking subpoenas, however, Plaintiffs failed to timely take any of the noticed depositions before June 26: not a single one took place on the noticed date or any other date on or before June 26.[4] Plaintiffs never attempted to confer with Abbott (or, to

---

[2]  There are ten third-party subpoenas at issue in this Motion:
- Bio-Serv Corporation d/b/a Rose Pest Solutions
- Charles River Laboratories International, Inc.
- GEA Process Engineering, Inc.
- HTSE, Inc.
- Impact Fulfilment Services, LLC
- IEH Laboratories & Consulting Group, Inc.
- McCloud Pest Solutions
- MT Piping, Inc.
- Silliker, Inc. d/b/a Merieux NutriSciences Corporation
- W. Soule & Co.

The eleventh entity—Vizient Supply—was the subject of Abbott's motion to quash that the Court resolved at the July 2 hearing (allowing a deposition to move forward, which is scheduled for later this month).

[3]  Plaintiffs acknowledged this obligation, but attempted to excuse their failure to confer by purporting to only be providing "dummy dates" for the depositions with promises to later confer regarding actual dates. *See, e.g.*, May 26, 2026 Email from L. Bowen.

[4]  On June 26, counsel for Plaintiffs and for Abbott made a *pro forma* remote appearance on a Zoom link at the time that Plaintiffs had noticed the deposition of one entity, Impact Fulfillment Services. After confirming that no representative of Impact Fulfillment Services was present, the

Abbott's knowledge, any third party) regarding dates or locations, nor did they circulate links for any counsel to appear remotely (as was standard practice with party depositions, as required by the MDL Deposition Protocol).

The absence of any conferral was not for lack of effort on Abbott's part: after Plaintiffs noticed the subpoenas, Abbott repeatedly sought to understand Plaintiffs' intentions, including whether the noticed depositions would go forward on the scheduled dates or otherwise. After all, if the depositions were to go forward, Abbott needed to prepare for the depositions, including considering cross-notices, identifying potential exhibits, and making necessary travel and other arrangements. To that end, counsel for the parties were together neither every weekday throughout June for party depositions and other case activities (including at the in-person case management conference on June 12), during which time Abbott repeatedly attempted to inquire with Plaintiffs' counsel as to the status of these would-be depositions. On June 8, Abbott also requested information from Plaintiffs in writing:

> It has been nearly two weeks since Plaintiffs served a series of subpoenas on various third parties using purported "dummy dates," which as you have acknowledged, were not discussed with Defendants as required by CMO #28 § III.D.1. Given that the "dummy dates" are fast-approaching, please provide an update by the close of business on Tuesday, June 9, as to the status of each deposition in the chart below (including as to service, objection status, and any discussions as to the date/location of any proposed deposition). This information is necessary so that the parties can actually confer regarding the dates of any depositions that are going forward and adequately prepare for such depositions. (The "dates" and "locations" identified below come from the subpoenas; we understand that no party has agreed to any date or location.) Defendants reserve all rights.

Plaintiffs never responded—neither by the requested date nor by June 26.

Nor did Plaintiffs apparently convey their intentions to the subpoenaed parties. In fact, Abbott is aware of one third party that received a subpoena from Plaintiffs and, having not

---

parties made brief statements on the record and logged off. No witness was present and no questions were asked.

received any correspondence or notice from Plaintiffs withdrawing it, physically appeared at the noticed location on the noticed date and time (incurring hotel and other costs)—only to find out that Plaintiffs had no-showed without any warning.

The June 26 deadline came and went without Plaintiffs ever replying to any of Abbott's attempts to meet and confer nor seeking to extend their deadlines for the taking of these third-party liability depositions, whether through agreement with Abbott or court order.

***Plaintiffs' continued pursuit of these third-party subpoenas since June 26.*** Notwithstanding the Court-ordered deadline, Abbott understands that Plaintiffs are continuing to pursue this third-party discovery, with apparent disregard for the case schedule. First, on July 15, Plaintiffs copied Abbott on a letter to a third party stating, for the first time, that Plaintiffs intend to seek this Court's intervention as to the requested discovery. Abbott replied to that letter on July 17 objecting to Plaintiffs' out-of-time pursuit of third-party liability discovery, including their expressed desire to take post-deadline depositions. Plaintiffs did not respond.

Then, on July 27 and 28, Plaintiffs re-produced to Abbott document productions they had apparently received from three third parties—W. Soule & Co., GEA Process Engineering, Inc., and HTSE, Inc.—without providing any information as to when Plaintiffs received those documents, including whether it was before or after the June 26 discovery cutoff. Abbott promptly inquired with Plaintiffs on July 28 seeking information about the timing of these productions along with confirmation that Plaintiffs were not still pursuing documents or depositions from third parties given that it was now over a month past the June 26 deadline.

After Plaintiffs failed to respond to that inquiry also, Abbott again requested answers from Plaintiffs on the morning of July 31, requesting Plaintiff's response by end of day and seeking a meet and confer if Plaintiffs' position is that they may continue to pursue discovery

5

(whether documents or depositions) from third parties at this late stage. Abbott offered to meet and confer, but as of this filing, Plaintiffs have again not responded to Abbott's request.[5]

In the meantime, Plaintiffs appear to have continued to pursue this untimely discovery, including receiving a production from another third party—Silliker, Inc. d/b/a Merieux NutriSciences Corporation—on July 29. (Unlike the earlier productions from other parties, Silliker copied Abbott on its production.)

## LEGAL STANDARD

"The Seventh Circuit has recognized that a district court, in its discretion, has the authority pursuant to [Federal] Rule [of Civil Procedure] 26(a)(1) to quash a subpoena for violating a discovery schedule deadline." *In re Broiler Chicken Antitrust Litig.*, 2026 WL 1724399, at *5 (N.D. Ill. Jun. 15, 2026). This authority is premised in the district court's inherent authority "to manage the schedule of cases before them." *Id.* (collecting cases recognizing party's standing to seek protective order or file motion to quash where the third-party discovery sought violates a court order); *see also Vann-Foreman v. Ill. Central R.R. Co.*, 2020 WL 7385451, at *2 (N.D. Ill. Dec. 16, 2020) ("The Federal Rules of Civil Procedure clearly give courts both the authority to establish deadlines and the power and discretion to enforce them.") (denying last-minute extension motion to take additional depositions).

## ARGUMENT

"We live in a world of deadlines" and the "practice of law is no exception." *Sapia v. Bd. of Educ. of Cty. of Chi.*, 329 F.R.D. 585, 586 (N.D. Ill. 2019) (citation modified) (granting defendant's motion, in part, and preventing depositions not set to occur before the deadline from proceeding). "Leaving everything to the last minute while knowing about a deadline for [four]

---

[5] This Motion is properly before this Court because, as the timeline above demonstrates, Abbott's "attempts to engage in such consultation were unsuccessful due to no fault of counsel's." N.D. Ill. Local Rule 37.2.

months can and should have serious consequences." *Id.* (citing *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996)). So too does failing to timely pursue that discovery and then improperly seeking it well after a court-ordered deadline.

Here, the Court twice set June 26 as the deadline for completion of fact discovery, including liability-related third-party discovery. *See* Dkt. 446 (CMO #29); Dkt. No. 474 (CMO #31). The Court was clear that this deadline would not budge—issuing warnings at multiple hearings that there would be no extension of that deadline. *See* Apr. 9, 2026 Hr'g at 11:20-12:3; Apr. 28, 2026 Hr'g at 58:19-24. The local rules are likewise clear: "Except to the extent specified by the court on motion of either party, discovery must be *completed* before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order." N.D. Ill. Local Rule 16.1(4); *see Estate of Wells ex rel. Wells v. Bureau Cnty.*, 2010 WL 1416838, at *1 (C.D. Ill. Apr. 5, 2010) ("Although it might be argued that the subpoena was timely because it was served before the close of discovery, the practical effect is that Plaintiff is conducting discovery after the deadline imposed by the scheduling Order in this case.").

Despite these clear pronouncements, Plaintiffs failed to secure their requested third-party documents and complete their third-party depositions prior to the June 26 deadline. While the Court's orders should have allowed Plaintiffs to identify and prioritize the depositions that they wished to pursue months ago, Plaintiffs delayed service of the subject subpoenas until there was just a month remaining in the discovery period and then failed to secure the subpoenaed documents or take the noticed depositions before the June 26 deadline. *See Vann-Foreman*, 2020 WL 7385451, at *2 ("Waiting until the last hours is not diligent." (citation modified)). Plaintiffs instead chose to prioritize other aspects of their cases leading up to the June 26

deadline, including taking more than 20 depositions of Abbott's current and former employees (often having five or more Plaintiffs' counsel in attendance at each deposition) and serving nearly a dozen sets of written discovery requests on Abbott. Meanwhile, Abbott noticed and conducted its own third-party liability depositions prior to the Court-ordered deadline and, in limited situations, after the deadline with the Plaintiffs' and/or Court's prior express permission. *See, e.g.*, Dkt. 500 at 5-6 (June 5, 2026 Joint Status Report detailing status of the Parties' noticed/scheduled third-party depositions); Dkt. 501 (regarding Abbott taking certain third-party depositions after June 26 deadline). Plaintiffs' litigation choices are their prerogative, but they must live with the consequences of failing to obtain discovery by the Court-ordered deadline.

Nor did Plaintiffs seek an agreement from Abbott or an order from the Court to extend the deadline to pursue this discovery after the June 26 cutoff (even while simultaneously seeking leave to conduct *other* depositions beyond the deadline). *See* June 12, 2026 Hr'g at 5:4-9 (discussing agreement with Abbott to conduct deposition of a former employee after the close of fact discovery deadline). And no good cause exists to seek an (out-of-time) extension now. Plaintiffs have known the identities of the third parties addressed in this motion for months and, in some cases, years. In fact, the subject entities all appear in documents produced by Abbott prior to May *2023*. And Plaintiffs even expressed their intent to conduct this third-party discovery to the Court in February 2026, *see* Feb. 6, 2026 Hr'g at 13:12-21, yet for whatever reason waited until the final month of the relevant discovery period to serve their requests, and then failed to pursue (let alone secure) the requested documents and depositions prior to the deadline. Plaintiffs' lack of diligence dooms any post hoc request to extend the schedule. *See, e.g., Vann-Foreman*, 2020 WL 7385451, at *1-2; *see also Estate of Wells*, 2010 WL 1416838,

at *1-2 (noting no request for extension was made by plaintiffs, granting motion to quash, and ordering destruction of documents requested via the subpoena).

In short, Plaintiffs' out-of-time pursuit of third-party liability discovery must stop. Such efforts directly contravene this Court's scheduling orders, and Plaintiffs have not even attempted to articulate a good cause basis for it to be permitted (nor does one exist). The Court should enforce its case management orders and bar Plaintiffs from continuing to pursue this further discovery, including (but not limited to) through continued correspondence or threats of motions practice to those third parties.

Finally, the Court should direct Plaintiffs to destroy (or otherwise bar their reliance upon) any documents or information obtained from these third parties after the June 26 cutoff. District courts have inherent "authority to return or destroy the documents as part of the court's inherent powers to oversee discovery in the cases before it." *In re Broiler Chicken Antitrust Litig.*, 2026 WL 1724399, at *9 (ordering destruction of documents obtained in violation of scheduling order). Plaintiffs "untimely sought and obtained documents in violation of the Court's Scheduling Orders," and it is "prejudicial to [Abbott] to allow [Plaintiffs] to maintain possession of documents that were obtained in violation of the Court's Scheduling Orders ... without leave of Court" and after the relevant fact discovery period closed. *Id.* Had Plaintiffs complied with this Court's order in the first place, they would not possess these documents. Accordingly, the documents should be destroyed or their use prohibited.

### CONCLUSION

For the foregoing reasons, Abbott respectfully requests that the Court enforce the June 26 fact discovery cutoff and bar Plaintiffs from continuing to pursue their untimely third-party liability discovery.

Dated:  August 3, 2026

Respectfully submitted,

/s/ *Michael A. Glick, P.C.*

James F. Hurst, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: 312-862-2000
Fax: 312-862-2200
james.hurst@kirkland.com

Michael A. Glick, P.C. (*pro hac vice*)
Katherine R. Katz, P.C. (*pro hac vice*)
Erin E. Cady (*pro hac vice*)
Holly Rioux-Lefebvre (*pro hac vice*)
Alyssa M. McClure (*pro hac vice*)
Saunders McElroy (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202-389-5000
Fax: 202-389-5200
michael.glick@kirkland.com
katherine.katz@kirkland.com
erin.cady@kirkland.com
holly.rioux@kirkland.com
alyssa.mcclure@kirkland.com
saunders.mcelroy@kirkland.com

Brad Masters (*pro hac vice*)
KIRKLAND & ELLIS LLP
60 East South Temple
Salt Lake City, UT 84111
Tel: 801-877-8143
Fax: 801-877-8101
brad.masters@kirkland.com

Meghan Kelly, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel: 215-268-5000
meghan.kelly@kirkland.com

*Counsel for Abbott Laboratories*

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system and/or by e-mail.

*/s/ Michael A. Glick, P.C.*
Michael A. Glick, P.C.